In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1168

United States of America,

Plaintiff-Appellee,

v.

Christopher M. Hodges,

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 CR 40038--Joe B. McDade, Chief Judge.

Argued November 6, 2000--Decided July 30, 2001


   Before Kanne, Diane P. Wood, and Williams,
Circuit Judges.

   Williams, Circuit Judge.  Christopher
Hodges pled guilty to conspiracy to
possess with intent to distribute crack
cocaine. After further reflection, Hodges
decided to assert his innocence, withdraw
his plea, and proceed to trial. The
district court, however, rejected his
attempt to withdraw his plea, and Hodges
now appeals that denial. Additionally, he
claims that he received ineffective
assistance of counsel in violation of the
Sixth Amendment. We reject both claims,
and affirm.

I

   Hodges was indicted by a federal grand
jury, on April 22, 1999, for conspiracy
to possess with intent to distribute
cocaine base ("crack cocaine") in
violation of 21 U.S.C. sec.sec. 841(a)(1)
and 846. After initially pleading not
guilty at his arraignment, Hodges decided
to meet with the government to discuss an
agreement for his cooperation. On July 8,
1999, he signed a written proffer
agreement and after discussions with the
government, signed a plea agreement,
agreeing to plead guilty that same day.
During his change of plea hearing, the
district court conducted an extensive and
thorough Rule 11 colloquy, discussing,
among other things, the offense, the

consequences of a guilty plea, and the sentencing guidelines process. At the conclusion of the Rule 11 colloquy, Hodges pled guilty.

On July 27, 1999, Hodges met with a probation officer for the purpose of preparing the presentence report ("PSR"). Hodges' attorney, Gary Koos ("Koos"), did not attend the meeting, but told Hodges not to discuss, and requested that the probation officer not discuss, the facts of the offense. Rejecting Koos' advice, Hodges discussed the facts of the offense (in several statements unsolicited by the probation officer), denying that he sold crack cocaine and accusing one of the government witnesses of lying. Both statements were noted by the probation officer.

Six days later, on August 2, 1999, Hodges wrote Koos asking him to withdraw his guilty plea. However, Koos did not read the letter, because it was "inadvertently" placed into Hodges' file before he had an opportunity to read it. The PSR was issued on September 3, 1999, and on September 20, 1999, when Koos went to see Hodges to discuss the report, he found and for the first time read Hodges' request to withdraw his guilty plea. Upset over Koos' failure to return his calls and file the withdrawal motion, Hodges refused to talk with Koos.

Two days later, Hodges sought to have new counsel appointed, but at a status hearing on October 8, 1999, he withdrew that request, and Koos notified the court of Hodges' intent to file a motion to withdraw his guilty plea. His motion, filed on October 18, 1999, asserted his innocence and accused the government witnesses of lying concerning his involvement. Relying on the Rule 11 colloquy, the district court denied Hodges' motion, finding his allegations conclusory and insufficient to support an evidentiary hearing, and concluding that no fair and just reason had been presented to warrant a withdrawal./1

At sentencing, on January 7, 2000, Hodges objected to several parts of the PSR and took the stand to testify. In his testimony, he maintained his innocence and for a third time accused the government witnesses of lying concerning his involvement. The government presented

its witnesses Brooks Ezell Turner, III and Darrius Martin who testified concerning drug transactions with Hodges and Hodges' involvement with Charles Davis in the distribution of crack cocaine. On the basis of Hodges' statements in the PSR interview in July, the district court denied Hodges an offense level reduction under the sentencing guidelines for acceptance of responsibility and on the basis of his testimony at the sentencing hearing, increased his offense level for obstruction of justice. Hodges was sentenced to 360 months in prison. He now appeals.

II

A

We address Hodges' ineffective assistance of counsel claim first. The Sixth Amendment right of a criminal defendant "to have the Assistance of Counsel for his defence," U.S. Const. amend. VI, guarantees not just assistance, but also a constitutionally mandated level of adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Reviewing adequacy, courts must measure counsel's performance against an objective standard of reasonableness, with a highly deferential presumption in favor of the reasonable exercise of professional judgment. Id. at 687-90. Defendants must "identify the acts or omissions of counsel" that are unreasonable, and courts must then "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. To prevail, defendants must also show prejudice as a result of inadequate assistance. Id. at 687.

Although Hodges is not short on criticisms of his trial counsel's performance, he is well short of demonstrating the level of deficiency that makes an ineffective assistance of counsel claim./2 Hodges alleges that Koos (1) failed to attend his PSR interview; (2) failed to file promptly his motion to withdraw his guilty plea or return his phone calls; (3) failed to provide meaningful advice on and analysis of his plea agreement or plea colloquy;

(4) failed to inform him of the likely sentence he would receive; and (5) requested a continuance of the trial over his objection. Basically, Hodges asserts that Koos may as well have not been there at all./3 That is to say, he attempts to demonstrate that he was abandoned. In an abandonment claim, prejudice is presumed. United States v. Cronic, 466 U.S. 648, 658-60 (1984); Patrasso v. Nelson, 121 F.3d 297, 304 (7th Cir. 1997); see also United States v. O'Leary, 856 F.2d 1011, 1015 (7th Cir. 1988) ("The Sixth Amendment right to counsel, of course, guarantees more than just a warm body to stand next to the accused during critical stages of the proceedings; an accused is entitled to an attorney who plays a role necessary to ensure that the proceedings are fair.").

But Hodges has one fatal problem, which follows him throughout our analysis: Hodges has no credible evidence, only his own unsupported allegations, which are inadequate. In addition to presenting no credible evidence to support his allegations, the record contradicts him at almost every turn. Taking his allegations in reverse order, Hodges himself agreed to Koos' request for a continuance of the trial at the status hearing on June 22, 1999, where after re ceiving counseling by the district court on the matter, Hodges stated, "whenever [Koos] wants I guess is fine with me, Your Honor." More to the point, Koos requested a continuance to better prepare for trial. It seems peculiar, then, that such conduct, without more, could be the basis of an ineffective assistance of counsel claim.

More serious are Hodges' allegations that Koos failed to provide him with an analysis and explanation of the offered plea agreement or plea colloquy, or an accurate prediction of a sentence. See United States v. Barnes, 83 F.3d 934, 939, 939-40 (7th Cir. 1996) ("When a defendant considers the government's offer of a plea agreement, a reasonably competent counsel will attempt to learn all of the facts of the case and to make an estimate of a likely sentence. Before he allows his client to plead guilty, the attorney must also communicate the results of his analysis of the case.") (citations omitted). But we have no credible evidence that Hodges'

allegations are in fact true. We do have evidence, from Hodges' Rule 11 colloquy, that he responded affirmatively to all the following questions asked by Chief Judge McDade,

Have you had occasion to discuss this charge and the case in general, including any possible defenses you might have, with your attorney?

Are you satisfied with the advice and representation given you in this matter by your attorney?

Before signing the plea agreement, did you read through the plea agreement and discuss the terms of the plea agreement with your attorney?

Are you satisfied that you fully understand the plea agreement and all of its terms?

Does it fairly and accurately and completely set forth all agreements and understandings you have with the Government about this charge against you?

and negatively to the following question,

Do you have any complaints about your attorney's services that you wish to bring to my attention at this time?

We are hard-pressed to find any evidence of substandard performance.

Hodges, however, relies on the short time between the time he and Koos were first presented with the plea agreement the day they met with the government and his guilty plea some time later that day. In addition, Hodges wrote a letter to the district court, in which he makes some of the same claims he presents here--that Koos stated he would only receive a 188 month sentence and encouraged him to take the deal, stating that he (meaning Koos) had never won a case in federal court. But this is a long way from the type of credible evidence to support the misconduct Hodges alleges.

An ineffective assistance of counsel claim cannot stand on a blank record,

peppered with the defendant's own unsupported allegations of misconduct. Hodges' claims may in fact be true; we fault him not for making the allegations, but for his failure to support them.

Hodges also alleges that Koos failed to return his phone calls and filed his motion to withdraw his guilty plea late. But, Hodges recanted any concerns with Koos' failure to return his phone calls. At the motion hearing on October 9, 1999, when given an opportunity to express his concerns with Koos' performance, on his own request to replace counsel, Hodges stated "there's been some differences, but it's really not--. . . . Mr. Koos has talked to me, you know what I'm saying, I should have understood. . . . I still want him as my counsel, Your Honor." That is the only evidence in the record on the matter.

And, although it is undisputed that Koos filed Hodges' motion to withdraw his guilty plea significantly later than Hodges had requested, this failure was ultimately harmless, and considering the circumstances his performance was hardly inadequate. Hodges' motion was filed, though late, and Koos made every effort to make the district court aware that the failure to file earlier was entirely his fault. In addition, the district court's denial of the motion did not appear to be influenced by the delay; the district court never mentioned it in its decision.

Last, that Koos did not attend Hodges' PSR interview does not reveal any inadequacy in Koos' performance. PSR interviews are not critical stages in the proceedings where the presence of an attorney is required, cf. United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990) ("Reasoning that a presentencing interview is not a critical stage of the proceedings, this circuit has refused to recognize a right to counsel during a defendant's presentencing interview with a probation officer."), and the absence of an attorney in such interviews is not uncommon. We believe, absent peculiar facts that would suggest otherwise, the decision whether to attend is better left to the discretion of the attorney. Moreover, we see no reason why Koos' decision was inappropriate.

Finally, taking Hodges' allegations as

a whole, we do not believe that Koos abandoned Hodges, or that his performance was so inadequate that it was as if no assistance was provided. Quite the opposite, all the evidence (beside Hodges' unsupported allegations) reveals Koos was present, effective, and even satisfactory to Hodges. That Hodges was satisfied is not decisive; what counts is whether there is evidence to conclude that Koos was ineffective. Here, there is none. Therefore we reject Hodges' ineffective assistance of counsel claim.

B

Turning to the next issue, withdrawal of a guilty plea, Rule 32(e) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea on a showing of "any fair and just reason." Id. Rule 32(e), however, is not a free-swinging backdoor. Defendants do not have an absolute right to withdraw their guilty plea, United States v. McFarland, 839 F.2d 1239, 1241 (7th Cir. 1988), and after a thorough Rule 11 colloquy, defendants face an uphill battle in demonstrating a fair and just reason. United States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998); United States v. Messino, 55 F.3d 1241, 1248 (7th Cir. 1995). The district court has the discretion to permit the withdrawal of a guilty plea, and we review the district court's decision for abuse of discretion. United States v. Pike, 211 F.3d 385, 388 (7th Cir. 2000); United States v. Abdul, 75 F.3d 327, 329 (7th Cir. 1996). We review the district court's factual findings as to whether the defendant has demonstrated a fair and just reason for withdrawal for clear error. United States v. Milquette, 214 F.3d 859, 861 (7th Cir. 2000).

As the basis for withdrawing his guilty plea, Hodges claims that he is actually innocent, despite his lengthy Rule 11 colloquy to the contrary. He claims that he rushed into a plea agreement and admission of guilt in his plea hearing, without adequate assistance of counsel (a claim we have rejected) and in a state of confusion, again all contrary to his statements in his Rule 11 colloquy. Further, Hodges relies on his swift recantation (three weeks later), as evidence of his innocence. Last, he claims that all the government witnesses

were lying concerning his involvement.

Legal innocence has been recognized by this circuit, and rightfully so, as a fair and just reason to withdraw a guilty plea. See United States v. Gomez-Orozco, 188 F.3d 422, 425 (7th Cir. 1999); United States v. Groll, 992 F.2d 755, 758 (7th Cir. 1993). But a defendant's bare protestations of innocence--especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy--will not suffice, regardless of how swiftly they are made. The defendant must proffer some credible evidence, Gomez-Orozco, 188 F.3d at 425, and this defendant has proffered none. When a defendant makes no more than naked claims of innocence, a court need not allow the defendant to withdraw his guilty plea nor allow the defendant an evidentiary hearing. United States v. Redig, 27 F.3d 277, 280 (7th Cir. 1994). We therefore find no clear error in the district court's factual findings, which relied on the Rule 11 colloquy, and no abuse of discretion in the district court's decision not to allow Hodges to withdraw his guilty plea.

## III

For the foregoing reasons, the judgment of the district court is Affirmed.

FOOTNOTES

/1 A second motion to withdraw the guilty plea was filed on November 15, 1999, alleging that the plea agreement was null and void. That motion was also denied and is not at issue in this appeal.

/2 For reasons that will become apparent in the text, we are reluctant to hear, and ordinarily do not hear, claims of ineffective assistance of counsel on direct appeal. We will, however, hear such appeals when the defendant is represented by a different attorney on appeal and the claim rests on the trial record alone, if therecord is complete enough for us to address the claim. United States v. Martinez, 169 F.3d 1049, 1052 (1999).

/3 The government asserts that this argument has been waived by Hodges' plea agreement. But a valid appellate waiver contained in a plea agreement does not preclude a defendant's claim that the plea agreement itself was the product of ineffective assistance of counsel. Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir.

1999).