**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul SCOTT, Defendant–Appellant.**

**No. 02–1558.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 17, 2003.

Decided April 17, 2003.

■

---

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Paul Scott pleaded guilty to one count of conspiracy to defraud investors using mail and wire communications, 18 U.S.C. §§ 371, 1341, 1343, and one count of conspiracy to engage in monetary transactions of proceeds derived from mail and wire fraud (money laundering), *id.* §§ 1956(h), 1957. The district court sentenced Mr. Scott to concurrent sentences of 60 months' imprisonment and three years' supervised release on the first count and 78

months' imprisonment and three years' supervised release on the second count. The district court also imposed special assessments totaling $200 and ordered Mr. Scott to pay $582,027 in restitution. Mr. Scott's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because counsel is unable to identify a nonfrivolous basis for appeal. Although notified of his opportunity to do so, *see* Cir. R. 51(b), Mr. Scott did not respond to counsel's motion. Because counsel's brief is facially adequate, we limit our review to the potential issue counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel examines whether Mr. Scott could make a nonfrivolous argument that the district court erred in denying his motion to withdraw his guilty pleas. Almost seven months after pleading guilty, Mr. Scott moved to withdraw his pleas under former Federal Rule of Criminal Procedure 32(e) (now Fed.R.Crim.P. 11(d)(1)(B)). In his motion, he offered three justifications: he had misunderstood that pleading guilty would preclude him from presenting a defense to the charges at sentencing; he had thought that the prosecutor would support the imposition of the lightest sentence possible, including probation (and it was now evident that he would be facing more than just probation); and he was a victim of selective prosecution. During the hearing on the motion, the district court reviewed Mr. Scott's answers during the change-of-plea colloquy. Mr. Scott admitted that his pleas had been voluntary and that he was guilty but stated that he did not think a jury would convict him. The district court ultimately denied his motion, reasoning that a defendant is not permitted to withdraw his guilty pleas just because he changes his mind about wanting a jury trial and that Mr. Scott had presented no evidence of selective prosecution.

Once a district court accepts a guilty plea, a defendant does not have an unlimited right to withdraw the plea; rather, the burden is on the defendant to show a "fair and just reason" for such withdrawal. *See* Fed.R.Civ.P. 11(d)(1)(B) (2003); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir.2001); *United States v. Parker*, 245 F.3d 974, 976 (7th Cir.2001). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, *United States v. Dumes*, 313 F.3d 372, 382 (7th Cir.2002), and will uphold factual findings as to whether the defendant has demonstrated a fair and just reason unless they are clearly erroneous, *Hodges*, 259 F.3d at 661.

■ Addressing in turn each of Mr. Scott's reasons for wanting to withdraw his pleas, we agree with counsel that Mr. Scott could not mount a nonfrivolous challenge to the district court's denial of his motion. With respect to Mr. Scott's apparent misapprehension that he could present a defense at sentencing, the district judge specifically warned him during the Rule 11 colloquy that he was giving up his right to a jury trial by pleading guilty. Although legal innocence is a justifiable reason for withdrawing a plea, *id.*, Mr. Scott admitted his guilt at both the change-of-plea colloquy and the hearing on his motion to withdraw his guilty pleas. We presume such admissions to be true. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002).

■ As for Mr. Scott expecting to receive a light sentence, underestimating the severity of the sentence to be imposed is not a justifiable reason for withdrawing a guilty plea. *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir.1991). As Rule 11 requires, the district court warned Mr. Scott at the change-of-plea colloquy as to

the maximum possible penalties he was facing by pleading guilty, and that the court could not determine his sentence before reviewing the presentence report and the corresponding guideline ranges. *See Dumes,* 313 F.3d at 382–83 (defendant not permitted to withdraw plea based on purported misunderstanding over imposed sentence where district judge gave proper Rule 11 warnings); *United States v. Milquette,* 214 F.3d 859, 862 (7th Cir.2000) (same). Moreover, Mr. Scott's own attorney noted on the record that he had informed Mr. Scott that probation was extremely unlikely. Thus, Mr. Scott cannot claim legitimately that he was ignorant of the penalties he faced by pleading guilty.

■ Finally, Mr. Scott presented no evidence that the government had prosecuted him, as opposed to other similarly situated individuals, based on an improper factor. *See generally United States v. Alanis,* 265 F.3d 576, 585 (7th Cir.2001). More importantly, he did not cite in his motion any facts regarding alleged selective prosecution that came to light only *after* his pleading guilty. *See United States v. Nash,* 29 F.3d 1195, 1201 (7th Cir.1994) (holding that pleading guilty waives all non-jurisdictional defenses). Rather, it appears that Mr. Scott just changed his mind about his odds with a jury, and that is not a "fair and just" reason for withdrawing a guilty plea. *United States v. Underwood,* 174 F.3d 850, 854 (7th Cir.1999). Accordingly, we GRANT counsel's motion to withdraw and DISMISS Mr. Scott's appeal.