**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William JONES, Defendant–Appellant.**

**No. 03–1035.**

United States Court of Appeals,
Seventh Circuit.

Argued July 8, 2003.

Decided Aug. 27, 2003.

Mark J. Vogel, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Thomas J. Royce, Chicago, IL, for Defendant–Appellant.

Before KANNE, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

Four months after pleading guilty to one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), William Jones moved to withdraw his guilty plea. Jones alleged that his previous attorney pressured him into pleading guilty and that the court should have allowed him to litigate his previously-pending suppression motion. The district court concluded after conducting a hearing that Jones had not demonstrated a "fair and just reason" for withdrawing his guilty plea. On appeal Jones argues that the district court abused its discretion in not allowing him to withdraw his guilty plea and also presses an ineffective assistance claim against his previous attorney. We affirm because the district court's factual findings reveal, contrary to Jones' assertions, that he merely changed his mind about wanting to plead guilty. Furthermore, these same factual findings foreclose a viable ineffective assistance claim against his previous attorney.

The government charged Jones in September 2001 with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, *id.* § 846; possession with intent to distribute more than 100 kilograms of marijuana, *id.* §§ 846, 841(a)(1); possession with intent to distribute more than 50 kilograms of marijuana, *id.*; and four counts of using a telephone to facilitate a drug offense, *id.* § 843(b). In March 2002 Jones moved to suppress evidence, alleging that FBI agents illegally seized marijuana during a search of his home the previous summer. Later that same month Jones filed a motion for rescheduling, notifying the district court that he was engaged in plea negotiations with the government. The record reveals that on April 4, the court scheduled a change-of-plea hearing for twelve days thereafter.

Jones pleaded guilty on April 16 to one count of possession with intent to distribute more than 50 kilograms of marijuana. The court had not yet ruled on his suppression motion at that time. The plea was based on a written agreement that

conditioned dismissal of the remaining counts on Jones' plea and consent to forfeit several items, including his house, car, and cash. Following a colloquy, the district judge accepted Jones' guilty plea.

Approximately three months after Jones pleaded guilty, the district court allowed his attorney, Alexander Salerno, to withdraw based on a breakdown in communication between him and Jones. With just under a month left before the scheduled sentencing, Jones hired a new attorney who promptly filed a motion to withdraw the guilty plea. Jones alleged in this motion that Salerno was ineffective because he spent too little time discussing the proposed plea with Jones and, indeed, instructed Jones to plead guilty because he was too busy handling other cases. Additionally, Jones alleged that his guilty plea was not knowing and voluntary because he had virtually no time to consider pleading guilty and had never decided to abandon the suppression motion.

The district court subsequently held a hearing on Jones' motion to withdraw his guilty plea, at which both Jones and Salerno testified. Jones testified that:

— Salerno had notified him only one day prior to the scheduled change-of-plea hearing that a plea agreement had been negotiated, that he should plead guilty, and that he had no chance of success on his pretrial motions;

— Salerno instructed him how to answer the judge's questions at the change-of-plea colloquy;

— Salerno later refused to turn over co-defendants' statements for Jones to review unless Jones paid him more money; and

— he had discussed with Salerno the possibility of withdrawing his guilty plea before Salerno withdrew from representing him.

But upon cross-examination, Jones admitted the following:

— he knew that the government had sent a draft plea agreement to Salerno eight days before the scheduled change-of-plea hearing (and ultimately admitted that he had suggested changes to this agreement);

— he had seven to twelve days to consider pleading guilty;

— he had reviewed a final version of the plea agreement the day before the change-of-plea hearing;

— he understood the judge's questions during the change-of-plea hearing and was aware that his suppression motion would not be litigated if he pleaded guilty; and

— after pleading guilty, he learned that his co-defendants were likely to receive shorter sentences (although he insisted that this discovery had not spurred him to move to withdraw his plea).

Salerno testified at the hearing that:

— he has been practicing criminal defense law since 1986 (and, notably, had defended Betty Loren–Maltese);

— the government had a "strong case" against Jones, so Salerno wanted to negotiate an agreement that would allow Jones to plead guilty to counts without mandatory minimum penalties;

— he had notified Jones on April 3 that he was negotiating with the government about a possible guilty plea;

— he had numerous discussions with Jones about the plea agreement before the change-of-plea hearing (and the government presented as evidence drafts of the agreement with margin notes that Salerno wrote while discussing the drafts with Jones);

— he left to Jones the decision whether to plead guilty and told him to "sleep

on it" after Jones had expressed his intention to plead guilty;

— Jones had been aware that he would be abandoning his suppression motion by pleading guilty;

— he did not tell Jones how to answer at the change-of-plea colloquy;

— Jones was "miffed" that his co-defendants were likely to receive shorter sentences because they had cooperated with the government; and

— after Jones had pleaded guilty, he asked Jones to pay the balance on his account but, even without payment, made case documents available to him and called Jones frequently but was not able to reach him.

After testimony concluded, the district judge denied Jones' motion to withdraw his guilty plea. The court found that Jones had adequate time to review the plea agreement, understood all of the questions at the change-of-plea colloquy, knew that he would be abandoning the suppression motion by pleading guilty, and had merely experienced a later "change of heart." The judge ultimately sentenced Jones to 70 months' imprisonment and three years' supervised release, and dismissed the remaining counts on the government's motion.

On appeal Jones argues that the district court abused its discretion by denying his motion to withdraw the guilty plea. He does not challenge the judge's compliance with Federal Rule of Criminal Procedure 11 during the change-of-plea colloquy or contest any sentencing issues. Jones argues that the judge should have allowed him to withdraw his guilty plea because his suppression motion, on which the court had not ruled when he pleaded guilty, would vindicate important Fourth Amendment rights. Jones even goes so far as to suggest a "per-se" rule that defendants be allowed to withdraw guilty pleas if Fourth

Amendment issues were previously pending. Jones also alleges that Salerno was ineffective by not properly advising him of the effects of pleading guilty, withdrawing from the case before filing a motion to withdraw his guilty plea, and not allowing him adequate time to consider pleading guilty.

Once a district court accepts a guilty plea, a defendant does not have an unlimited right to withdraw the plea before sentencing. Rather, the burden is on the defendant to show a "fair and just reason" for withdrawal. *See* Fed.R.Crim.P. 11(d)(2)(B) (2003) (formerly Rule 32(e)); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir.2001); *United States v. Parker*, 245 F.3d 974, 976 (7th Cir.2001). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, *United States v. Dumes*, 313 F.3d 372, 382 (7th Cir.2002), and uphold factual findings unless they are clearly erroneous, *Hodges*, 259 F.3d at 661.

Jones attempts to paint his case as one of loss of important rights and ineffective assistance of counsel. In contrast, the district court's factual findings (that Jones provides no reason to deem clearly erroneous) show otherwise. The district court found, and the testimony at the hearing establishes, that Jones had adequate time to review and evaluate the plea agreement terms and that he knew that a guilty plea would waive his suppression challenge.

Moreover, Jones' answers at the change-of-plea colloquy also undermine his claims. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002) ("Because a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary, determining whether the district court abused its discretion 'depends, in large part, on what the defendant said during the Rule 11 colloquy.'" (citation omitted));

*Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000) (argument that counsel's erroneous advice rendered guilty plea involuntary belied by defendant's statements at change-of-plea hearing); *United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). At his change-of-plea hearing, Jones agreed with the detailed factual basis for his plea. He also testified that he was "satisfied with the advice and efforts" of Salerno, that he had reviewed the plea agreement, and that no one had forced him to plead guilty. We presume such responses to be true. *Schuh,* 289 F.3d at 975. The judge also found Jones competent to plead guilty, and nothing in the record suggests otherwise. Although the judge did not discuss the nature of supervised release or that the plea agreement contained a waiver of Jones' right to appeal his sentence, *see* Fed.R.Crim.P. 11(b)(1)(H), (N), Jones does not point out these errors. And even if challenged, these omissions would likely constitute harmless error. Jones executed the plea agreement containing the waiver and admitted that he had read and reviewed the document with his attorney. *See United States v. Akinsola,* 105 F.3d 331, 334 (7th Cir.1997) ("[R]eview of the [Rule 11] proceedings will include a look at [plea] agreement itself."). And he could not have been harmed by the judge's failure to discuss the nature of supervised release because the combined total of imprisonment and supervised release that he received is less than the 20–year term of imprisonment that he was told he faced. *See* 21 U.S.C. § 841(b)(1)(C)); *Schuh,* 289 F.3d at 975.

Additionally, there is no support for Jones' assertion that courts should follow a *per se* rule that defendants can withdraw guilty pleas if Fourth Amendment issues remain to be litigated. To the contrary, it is well-established that defendants waive such defenses by pleading guilty. *United States v. Cain,* 155 F.3d 840, 842 (7th Cir.1998) (non-conditional guilty plea waives any Fourth Amendment claims). Therefore, defendants should enter conditional guilty pleas if they wish to reserve arguments about possible Fourth Amendment violations. *See, e.g., United States v. Willis,* 37 F.3d 313, 315 (7th Cir.1994). Jones cites a Fifth Circuit case, *United States v. Benavides,* 793 F.2d 612 (5th Cir.1986), as support for his contention, but it provides no support. Rather, it holds that withdrawal of a guilty plea should *not* be allowed as "a matter of course" when the government fails to show prejudice, *id.* at 616, and that a defendant's guilty plea waives "all complaints as to the ... denial of the motion to suppress," *id.* at 618.

Jones' brief also alludes to a claim of legal innocence. We have held that being legally innocent of a crime is a "fair and just reason" for withdrawing a guilty plea. *United States v. Gomez–Orozco,* 188 F.3d 422, 425 (7th Cir.1999) (holding that district court abused its discretion in denying motion to withdraw guilty plea where defendant convicted of illegal reentry presented evidence that he was U.S. citizen). But Jones does not insist that he is innocent–rather, he seeks to suppress probative evidence of his guilty by litigating his suppression motion. *Cf. Holman v. Page,* 95 F.3d 481, 490 (7th Cir.1996) (recognizing that exclusionary rule "preclud[es] the jury from considering all–and sometimes the most–probative evidence.").

In short, Jones' arguments as to why he has a "fair and just reason" for withdrawing his guilty plea have no merit. Contrary to Jones' assertions, the record and the district court's factual findings reveal that Jones merely had a "change of heart" about wanting to plead guilty, and that is not a "fair and just" reason for withdrawing a guilty plea. *See United States v.*

*Underwood,* 174 F.3d 850, 854 (7th Cir. 1999).

Moving on to Jones' claim of ineffective assistance of counsel, although such claims are usually better preserved for collateral attack, here the record is adequate for review because the district court held a hearing that focused, in large part, on Salerno's conduct. *See Massaro v. United States,* —— U.S. ——, ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003) (noting that there are some cases in which it may be advisable to litigate ineffective assistance claims on direct appeal); *Hodges,* 259 F.3d at 659 n. 2. That being said, Jones' very brief argument about his ineffective assistance claim could be construed as waiver of the claim on direct appeal for failure to develop the argument, just as the government insists. *See* Fed. R.App. P. 28(a)(9); *NutraSweet Co. v. X–L Eng'g Co.,* 227 F.3d 776, 790 (7th Cir.2000). In his brief Jones does no more than list Salerno's alleged shortcomings and cites only *Strickland* for caselaw support. And in any case, the district court's factual findings about Salerno's performance and Jones' knowledge foreclose any viable claim. *See, e.g., Hodges,* 259 F.3d at 659 ("In addition to presenting no credible evidence to support his [ineffective assistance] allegations, the record contradicts [the defendant] at almost every turn.").

Thus, we affirm the denial of Jones' motion to withdraw his guilty plea and reject his ineffective assistance claim. Jones' sentence is

AFFIRMED.