**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carl WILLIAMS, Defendant–Appellant.**

No. 03–3708.

United States Court of Appeals, Seventh Circuit.

Submitted April 5, 2004.

Decided April 5, 2004.

---

* This successive appeal has been submitted to the original panel, *see* Operating Procedure 6(b), which after examination of the briefs and the record, has concluded that oral argument is unnecessary. *See* Fed. R.App. P. 34(a)(2); Cir. R. 34(f).

John H. Newman, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Carl Williams, United States Penitentiary, Terre Haute, IN, for Defendant–Appellant.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

### ORDER

Carl Williams pleaded guilty to possession of cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to 120 months' imprisonment. His appointed counsel moves for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes that all potential appellate arguments are frivolous. We notified Williams of counsel's motion, *see* Cir. R. 51(b), but he has not responded. We therefore confine our review to the potential issues counsel identifies in her facially adequate brief. *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003). We agree with counsel that all identified arguments would be frivolous, and therefore grant her motion to withdraw and dismiss the appeal.

Counsel first contemplates whether Williams might challenge his guilty plea. Williams has told his attorney that he wants to take back his plea and proceed to trial, and accordingly, it is appropriate for counsel to discuss this potential issue. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). At sentencing, Williams moved to withdraw his guilty plea, admitting that he entered into it voluntarily but asserting that he did not know at the time that two prior convictions would count against him in the calculation of his sentence. Williams's prior convictions made

him ineligible for relief from the statutory mandatory minimum sentence under the safety-valve provision of U.S.S.G. § 5C1.2. A defendant does not have an unlimited right to withdraw a guilty plea before sentencing; rather, the burden is on the defendant to show a "fair and just reason" for withdrawal. *See* Fed.R.Crim.P. 11(d)(2)(B); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir.2001). We would review the district court's denial of Williams's motion at sentencing for abuse of discretion. *Hodges*, 259 F.3d at 661.

█ The transcript of the plea colloquy shows that the district court complied with all of the requirements of Federal Rule of Crim Procedure 11. The transcript also shows that the district court specifically asked Williams if he understood that he would not be eligible for relief from the statutory mandatory minimum sentence if new information about his criminal history came up in the presentence investigative report, and that the application of the mandatory minimum "would not be a basis for [him] to withdraw [his] plea of guilty." Williams responded that he understood that the mandatory minimum might apply and that if it did he would not be able to challenge his plea on that basis. In light of the thorough plea colloquy, we agree with counsel that any challenge to the guilty plea or the court's refusal to let Williams withdraw it would be frivolous.

█ Counsel next considers whether Williams could challenge his prison sentence, but concludes that any such challenge would be frivolous because Williams waived his right to appeal the term imposed. We will enforce a voluntary and knowing waiver of appeal as long as it was not based on a constitutionally impermissible factor or made without the effective assistance of counsel. *See United States v.*

*Rhodes*, 330 F.3d 949, 952 (7th Cir.2003). The plea agreement here provides that Williams "knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction, or the manner in which that sentence was determined." Williams acknowledged at sentencing that during his plea colloquy he entered into the plea agreement knowingly and voluntarily and with assistance of counsel, and there is no evidence that his waiver was based on any impermissible factor. And the prison sentence imposed falls within the maximum provided by the statute of conviction. Accordingly, counsel is correct that any attempt by Williams to challenge his prison term would be frivolous.

We GRANT counsel's request to withdraw and DISMISS the appeal.