**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Emilio LOBANO–RIOS, Defendant–Appellant.**

No. 03–3915.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2004.

Decided April 30, 2004.

Matthew Getter, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Emilio Lobano–Rios, Milan, MI, pro se.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Emilio Lobano–Rios ("Lobano"), a Mexican citizen, pleaded guilty to being present in the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced him to 57 months' imprisonment, three years' supervised release, and a $100 special assessment. Lobano appeals, but his appellate counsel ----- who also represented Lobano at trial ----- moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any non-frivolous issue for appeal. Lobano was notified of his counsel's motion, *see* Cir. R. 51(b), but he has not responded. Counsel's brief is facially adequate, so we limit our review to the potential issues he has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Lobano was convicted of attempted murder and voluntary manslaughter in 1980 and after serving his sentence was deported on October 12, 1995. Lobano reentered the United States very shortly thereafter—perhaps immediately, but certainly within a year from his deportation date—but he was not detained by immigration authorities until December 23, 2002. In May 2003 Lobano pleaded guilty to reentering the United States without permission, but after the presentence report was issued he moved to withdraw his guilty plea on the ground that it was not knowing and voluntary. He claimed to have believed that by pleading guilty he would be deported without serving a sentence and asserted that he signed the plea agreement based on that understanding. After a hearing the district court denied Lobano's motion, relying on Lobano's statements at the change-of-plea hearing that

he understood the plea agreement and its consequences.

■ Counsel first considers whether it would be frivolous for Lobano to challenge the court's denial of his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and we will uphold factual findings as to whether the defendant has demonstrated a fair and just reason unless they are clearly erroneous. *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir.2001). In ruling on Lobano's motion, the district court noted that at the change-of-plea hearing Lobano had verified that he was pleading guilty voluntarily, that he was not being coerced into pleading guilty, and that he had been given sufficient opportunity to discuss with his attorney the consequences of pleading guilty. *See* Fed.R.Crim.P. 11(b)(2). At the change-of-plea hearing Lobano consistently stated his frustration that his guilty plea would result in prison time. But when asked whether he understood the consequences of his plea, including that he could receive 20 years in prison and a $250,000 fine, Lobano replied "yes." Since we presume Lobano's responses at the hearing to have been truthful, *see Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir.2000), he cannot now deny them. Accordingly, we agree with counsel that an appeal based on the district court's denial of Lobano's motion to vacate his guilty plea would be frivolous.

■ Counsel also examines whether Lobano could challenge his prison sentence but concludes that any such challenge would be frivolous. At sentencing Lobano's trial counsel disputed the district court's imposition of a two-point increase in Lobano's criminal history category for committing the current offense while on probation from a previous offense. U.S.S.G. § 4A1.1(d). Lobano argued that

he was not arrested for illegal reentry until December 23, 2002, whereas his probation had ended in August 1997. But because § 1326(a) "punishes entering, attempting to enter, and being found in the United States after being deported," the appropriate date is not when Lobano was *found* in the United States but when he *entered* the United States. *United States v. Lopez–Flores*, 275 F.3d 661, 663 (7th Cir.2001). Lobano informed the probation officer that he reentered the United States on the same day he was deported, October 12, 1995. Though Lobano now denies that fact, counsel notes that Lobano certainly reentered the United States as early as July 1996, when he obtained an Illinois driver's license. Thus, the commission of Lobano's current offense began while he was still on probation, and any argument that the district court incorrectly increased his criminal history category by two points would be frivolous.

■ Lobano's trial counsel also argued at sentencing that the district court should depart downward because of Lobano's status as a deportable alien and because his criminal history score overstated the seriousness of his prior criminal conduct. We agree with counsel that these arguments if pressed on appeal would likewise be frivolous. As counsel correctly notes, Lobano's status as a deportable alien was not a valid ground for departure because that status was already taken into account under his crime of conviction. *United States v. Farouil*, 124 F.3d 838, 846 (7th Cir.1997). And although the over-representation of his criminal history could be a permissible basis to depart, *see* U.S.S.G. § 4A1.3(b), counsel correctly points out that a district court's decision to deny a downward departure is not subject to review unless it appears that the court misunderstood or misapplied the law, *see United States v. Collins*, 272 F.3d 984, 987

n. 1 (7th Cir.2001). The district court recognized its discretion to depart and considered Lobano's argument but refused to grant a downward departure. Thus, we agree that any challenge to the district court's application of the sentencing guidelines would be frivolous.

Finally, counsel questions whether Lobano could argue that he received ineffective assistance of counsel. But counsel nowhere identifies what the theory of deficient performance would be. Moreover, we will not consider a claim of ineffective assistance in a direct appeal where trial and appellate counsel are the same, since a lawyer "can hardly have been expected to accuse himself of ineffective assistance." *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir.2003). In any event, resolving a claim of ineffective assistance of counsel would require examining evidence beyond the record, and thus Lobano would be better served by bringing it under 28 U.S.C. § 2255 if he desires. *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2000).

Because we agree that the potential issues counsel discusses would be frivolous, we GRANT counsel's motion to withdraw and DISMISS the appeal.