NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2017
Decided March 28, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2859

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 14 CR 56-2 |
| JEFFREY VALENTINE, | |
| *Defendant-Appellant*. | Matthew F. Kennelly, |
| | *Judge*. |

**O R D E R**

Jeffrey Valentine and another man were charged with violating the Hobbs Act, see 18 U.S.C. § 1951(a), after robbing a convenience store at gunpoint. Valentine had waited at the front door as a lookout while his accomplice, who had the gun, took $160 in cash and $800 in cigarettes from a store employee. Both men had fled on foot; Valentine was quickly captured and gave investigators the name of his accomplice. Counsel was appointed for Valentine, who initially pleaded guilty but then withdrew his plea and elected to represent himself after deciding he was a "sovereign citizen" exempt from prosecution. He later changed his mind about proceeding pro se and, after counsel was reappointed, pleaded guilty again. At sentencing Valentine sought to withdraw this

plea, too, but this time the district court denied his request. The court calculated a guidelines imprisonment range of 110 to 137 months and sentenced Valentine to 76½ months to be followed by 3 years of supervised release.

Valentine filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Valentine has not accepted our invitation to comment on counsel's motion. See CIR. R. 51(b). Because the submission appears to be thorough and addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Valentine might contest his guilty plea. Valentine has told counsel that he wants his plea set aside, so counsel appropriately evaluates this potential issue. See *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). The question on appeal would be whether the district court erred in denying Valentine's oral motion, made at sentencing, to withdraw his guilty plea. See *United States v. Collins*, 796 F.3d 829, 833 (7th Cir. 2015); *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004). As appellate counsel asserts, an argument that the district court erred in rejecting that request would be frivolous.

In the presentence report the probation officer recommended that Valentine receive a 5-level upward adjustment under U.S.S.G. § 2B3.1(b)(2)(C) because his accomplice, Leroy Regan, had brandished the gun during the robbery. At sentencing the government argued that Valentine was accountable for Regan's reasonably foreseeable acts in furtherance of their jointly undertaken criminal activity, including his display of the gun. Regan, who testified as a government witness, said that Valentine knew about his reputation for committing armed robberies, that Valentine himself had suggested robbing the convenience store, and that before the robbery Valentine had accompanied him to pick up the gun. The district court expressed doubt about Regan's credibility but nevertheless applied the upward adjustment on the basis of Valentine's own admission, made during the plea colloquy, that he had continued standing watch at the front door even after hearing the sound of a gun being cocked and seeing the store clerk raise his hands in response. After that ruling Valentine orally moved to withdraw his guilty plea on the ground that he did not know in advance about Regan's plan to use a gun and did not agree with the court that his participation as a lookout warranted the 5-level increase. In denying that motion, the district court explained that Regan's account had not affected its decision to accept Valentine's guilty plea.

Before sentence is pronounced, a defendant may withdraw a guilty plea for any "fair and just reason." FED. R. CRIM. P. 11(e); see *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). But Rule 11(e) is "not a free-swinging backdoor," *Hodges*, 259 F.3d at 661, and here it is apparent that Valentine, unhappy with receiving the 5-level increase, decided that he would rather take his chances at trial. We have said repeatedly, though, that a guilty plea is not a "road-show tryout," *Hugi v. United States*, 164 F.3d 378, 382 (7th Cir. 1999), that can be rescinded whenever a defendant realizes that he underestimated the likely sentence, *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Gilliam*, 255 F.3d 428, 434 (7th Cir. 2001); *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir. 1991).

Moreover, after a thorough plea colloquy, see FED. R. CRIM. P. 11(b), a defendant will "face an uphill battle in demonstrating a fair and just reason" to withdraw his guilty plea. *Hodges*, 259 F.3d at 661. Valentine's Rule 11 hearing was thorough, and in moving to withdraw his plea he did not contend that he misunderstood any aspect of that colloquy. The district court informed him that sworn statements made during the colloquy could be used in a perjury prosecution against him, that he had the right to plead not guilty, that he had the right to a jury trial, and that he had the right to counsel. FED. R. CRIM. P. 11(b)(1)(A–D). The court also identified the rights Valentine would have at trial and explained that, by pleading guilty, he was waiving those rights. FED. R. CRIM. P. 11(b)(1)(E–F). The district court explained the nature of the charge, the maximum possible penalties, the court's obligation to impose a special assessment, and its obligation to calculate the guidelines range. FED. R. CRIM. P. 11(b)(1)(G–H, K, M). Finally, the court ensured that there was a factual basis for the plea and that Valentine's plea had not been coerced. FED. R. CRIM. P. 11(b)(2–3). The court's only omission was a warning about its authority to order restitution, but that error was harmless because Valentine was told that he could be fined up to $250,000, far more than the $160 in restitution imposed. See *United States v. Fox*, 941 F.2d 480, 484 (7th Cir. 1991). Thus, the colloquy further supports the district court's refusal to let Valentine withdraw his plea.

Appellate counsel next considers whether Valentine could challenge the application of the sentencing guidelines, in particular the 5-level increase under § 2B3.1(b)(2)(C) or the district court's refusal to give him any decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. As we've noted, however, during the plea colloquy Valentine admitted realizing that Regan was armed when he heard the gun being cocked and saw the clerk raise his hands, and that admission alone warranted the upward adjustment. See *United States v. Wallace*, 212 F.3d 1000, 1005 (7th Cir. 2000) (upholding application of § 2B3.1(b)(2)(C) to defendant who knew that codefendant was

carrying gun during bank robbery). Moreover, as to acceptance of responsibility, Valentine waited to plead guilty until the Friday before his Monday trial date, and that delay justified the court's decision to withhold all credit under § 3E.1. See U.S.S.G. § 3E.1 cmt. nn.3, 6 (explaining that guilty plea does not guarantee downward adjustment for acceptance of responsibility, and that the "timeliness of the defendant's acceptance of responsibility is a consideration under both" subsections (a) and (b) of § 3E1); *United States v. Galbraith*, 200 F.3d 1006, 1015–1016 (7th Cir. 2000) (no acceptance of responsibility reduction appropriate under U.S.S.G. § 3E1.1(a),(b) when defendant pleaded guilty during jury selection).

Finally, counsel considers, but rejects as frivolous, an appellate challenge to the reasonableness of Valentine's below-guidelines prison sentence. We presume that a below-guidelines sentence is reasonable, *United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015), and counsel is unable to identify any reason to reject that presumption. Nor can we.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.