In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1725

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMETRISE L. HARPER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 16-cr-10052 — **James E. Shadid**, *Judge.*

ARGUED JUNE 12, 2019 — DECIDED AUGUST 8, 2019

Before WOOD, *Chief Judge*, and BARRETT and ST. EVE, *Circuit Judges*.

WOOD, *Chief Judge.* Demetrise Harper appeals from the district court's denial of his motion to withdraw his plea of guilty to three charges: possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c); possession of a firearm by a felon, *id.* § 922(g); and possession with intent to distribute and distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C). In moving to withdraw his plea, Harper

argued that he was innocent of the first because he never "possessed" the gun, and that his plea was not knowing and voluntary because he had received ineffective assistance of counsel. We affirm the judgment.

**I**

The criminal complaint charges that Harper offered to sell crack cocaine to a confidential police informant in exchange for a gun. To facilitate the deal, the informant sent Harper a photograph of a pistol and two magazines. Harper expressed interest and was ready to trade five grams of crack cocaine for the pistol and magazines.

On the day fixed for the deal, the informant and an undercover agent met Harper in a parking lot. The agent, who was sitting in the back seat of a truck, opened a toolbox containing the gun and handed the gun to Harper, who at that point was standing next to the truck. Harper held it, inspected it, and voiced doubts that it was the same pistol as in the photograph. Even so, he furnished most of the crack cocaine and promised the rest within an hour; he got into the front passenger seat to wait. After Harper asked for the two magazines, the agent returned the gun to the toolbox, locked it (saying that he was doing this so that the police would have "to get a warrant" to open it), and placed the toolbox in Harper's lap. He then left the truck, ostensibly to retrieve the magazines. Harper tried but was unable to open the toolbox by himself. As the informant reached over to help, the police arrived and arrested Harper. The indictment followed soon thereafter.

A court-appointed lawyer, Rodney Nordstrom, became Harper's counsel after his first lawyer withdrew. Nordstrom also sought leave to withdraw, citing a breakdown in the

attorney-client relationship. Harper complained that Nordstrom refused to review evidence or prepare for trial, but Nordstrom contested both accusations. The district court denied Nordstrom's motion, and soon after, Harper agreed to plead guilty under a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)—that is, an agreement that specified the sentence Harper would receive. The plea agreement called for 96 months' incarceration—60 months for possession of a firearm in furtherance of a drug-trafficking crime (the mandatory minimum) and 36 months for the remaining counts, possession of a firearm by a felon and possession with intent to distribute, to be served consecutively to the first sentence but concurrently to each other.

Next came a change-of-plea hearing. There Harper told the court that he was "willing to plead," but he complained that Nordstrom had not answered his questions about the sentence. The district judge explained the sentence to Harper, specifying which parts would run consecutively to the others. The judge then asked Harper whether 96 months was an "acceptable" sentence. Harper said that it was, confirmed that he had no other questions, and asked to proceed with the plea colloquy. The judge did so, reviewing all the admonishments for a change of plea, including the rights that Harper was giving up by pleading guilty and the plea's factual basis. See FED. R. CRIM. P. 11(b).

After the colloquy, the judge asked the parties for the applicable Sentencing Guidelines range. Nordstrom stated that he believed the range was 156 to 162 months. The judge responded that the exact range would be calculated later in the presentence report, adding that he would accept the plea

agreement now if Harper was amenable to a 96-month sentence. Harper agreed to that sentence, and on that understanding the district court accepted his guilty plea.

Three months later, Harper moved to withdraw his guilty plea, arguing that the plea was not knowing and voluntary because his lawyer was ineffective. This contention prompted Nordstrom to renew his request to withdraw as counsel; this time, the court granted the motion. Harper obtained new counsel, who added a second ground in support of the motion to withdraw the plea: actual innocence. Harper argued that he did not "possess" a firearm in furtherance of a drug-trafficking crime because the transaction "was incomplete at best," and he never had "full control of th[e] firearm."

After hearing the government's evidence in support of the charges, the district court denied Harper's motion. It ruled that the guilty plea was knowing and voluntary because Harper confirmed during the plea colloquy that he understood the plea deal and that he was guilty of the offenses. Harper could not assert actual innocence, the court said, because that would conflict with his previous admission of guilt.

## II

A defendant "does not have an absolute right to withdraw" a guilty plea, *United States v. Cieslowski*, 410 F.3d 353, 358 (7th Cir. 2005), but a court has discretion to allow it if the defendant presents "a fair and just reason." FED. R. CRIM. P. 11(d)(2)(B).

On appeal, Harper contends that the district court abused its discretion in denying his motion to withdraw the guilty plea. See *United States v. Fard*, 775 F.3d 939, 943 (7th Cir. 2015). He reprises the two allegedly "fair and just" reasons that he

offered to the district court—that he is innocent of the section 924(c) charge that he "possessed" a firearm "in furtherance of" a drug crime, and that he received ineffective assistance of counsel in connection with the plea.

First, Harper maintains that he did not violate section 924(c) because he never completed the gun-for-drugs deal. "Legal innocence" can be a fair and just reason for withdrawing a guilty plea. See *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). But section 924(c) does not require a completed transaction, and so it is irrelevant that Harper's trade might have been incomplete. See *United States v. Castillo*, 406 F.3d 806, 816 (7th Cir. 2005) (explaining that a completed transaction is not a necessary element under section 924(c)). Instead, to violate section 924(c), a defendant must acquire *possession* of the gun during a drug deal. "Receiving a gun in exchange for drugs," as Harper did when he sat in the truck and handed over most of the promised cocaine, qualifies as possession of a firearm in furtherance of a drug-trafficking crime. See *United States v. Doody*, 600 F.3d 752, 755 (7th Cir. 2010); see also *United States v. Dickerson*, 705 F.3d 683, 689 (7th Cir. 2013) (requiring gun and drugs "to change hands," though noting that the order of the exchange is irrelevant).

Harper responds that because the gun ended up in a locked tool box, he never truly "possessed" it as required by section 924(c). He is mistaken. Possession of a weapon can be either actual or constructive, see *United States v. Conley*, 875 F.3d 391, 400 (7th Cir. 2017), and the government supplied evidence that Harper possessed the gun both ways. Harper conceded that he had, at least briefly, actual possession of the firearm when the undercover agent handed it to him. Indeed,

Harper held the gun long enough to inspect its surface details and compare it to the gun in the photograph.

Even if his actual possession was too brief to satisfy the statute (and that is not the way we view the facts), Harper had constructive possession once the gun was on his lap in the locked toolbox. Constructive possession occurs when "the defendant knowingly had the power and intention to exercise dominion and control over the [gun], … establishing a nexus between himself and the [gun]." See *United States v. Jones*, 872 F.3d 483, 489 (7th Cir. 2017) (internal citations omitted). Either exclusive control or a substantial connection to the gun can create an "inference that the defendant exercised dominion and control" over it. See *United States v. Cejas*, 761 F.3d 717, 728 (7th Cir. 2014). Here, the pre-trade conversations between Harper and the informant show Harper's desire for the gun. That desire, and Harper's proximity to the gun when the box rested on his lap, establish the power and intent to control the gun as part of the drug sale. See *United States v. Webster*, 775 F.3d 897, 905 (7th Cir. 2015) (finding that evidence of motive, in addition to proximity to item, may show constructive possession); *United States v. Brown*, 724 F.3d 801, 804 (7th Cir. 2013) (same).

Harper replies that he could not constructively possess the gun because it was locked inside the tool box. But when a defendant has close, physical contact with a box containing a gun, its locked status does not negate possession of its contents. See *Cejas*, 761 F.3d at 728 (drug dealer constructively possessed gun in locked toolbox because box was physically attached to his own truck); *cf. United States v. Herrera*, 757 F.2d 144, 150 (7th Cir. 1985) (defendant did not constructively possess contents of a locked footlocker where no fingerprints or

other evidence of his physical contact were found on foot-locker). And, for safety reasons, the police understandably did not want to leave a suspected drug dealer alone with un-fettered access to a gun. Harper's close connection to the gun justified the section 924(c) charge.

### III

This brings us to Harper's other "fair and just" reason for withdrawing the guilty plea—ineffective assistance of coun-sel. The district court reasoned that Harper cannot succeed on this argument because his admission of guilt during the plea colloquy conflicted with a claim of ineffective assistance. But "a plea, even one that complies with Rule 11, cannot be 'knowing and voluntary' if it resulted from ineffective assis-tance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). Thus, if the record shows that Harper received ineffective assistance of counsel, his admission of guilt does not bar him from withdrawing the guilty plea.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must show that counsel's perfor-mance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for the errors, the defendant would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 57–59 (1985). Harper sees three deficiencies in Nordstrom's performance: (1) he ignored an obvious and meritorious defense of actual innocence on the section 924(c) charge; (2) he misstated the guidelines sentencing range; and (3) during plea discussions, he did not explain the sentence to Harper. None of these amounts to ineffective assistance.

We begin with Harper's argument that counsel should have argued that Harper did not possess the gun in furtherance of the drug crime. Counsel's failure to raise a "plainly meritorious objection could constitute deficient performance if proven." See *Brock-Miller v. United States*, 887 F.3d 298, 310 (7th Cir. 2018); see also *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance."). The government concedes that Nordstrom did not argue Harper's innocence, and that Harper complained on the record that Nordstrom expressed no interest in researching or raising any argument. But by omitting this argument, Nordstrom was not constitutionally deficient; as we already have explained, the argument that Harper did not "possess" a gun is fatally flawed—the opposite of "plainly meritorious."

Harper's remaining two arguments are not persuasive either, because he cannot show prejudice. Harper correctly observes that Nordstrom overstated the guidelines range for an unconditional plea when he said that it was approximately 156 to 162 months when, the parties agree, the correct range might have been as low as 101 to 111 months, or 117 to 131 months if he had gone to trial. Harper has not said, either in his motion to withdraw or on appeal, that, but for this error, he would not have pleaded guilty. Without prejudice from this error, his claim of ineffective assistance fails. *See Hill,* 474 U.S. at 57–59.

A similar problem plagues Harper's argument that Nordstrom did not adequately explain to him the sentencing sequence (*i.e.* what is concurrent and what is consecutive) on

his three counts. The district court cured any possible preju-dice from this omission by providing Harper with a thorough explanation of the sentencing sequence, after which Harper affirmed that he understood and had no further questions. See *Hays v. United States*, 397 F.3d 564, 568–69 (7th Cir. 2005). Be-cause of this intervention, Harper cannot establish prejudice from any ineffective assistance.

## IV

We AFFIRM the district court's judgment.