In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1914

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARRYL FOSTER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 07-cr-011—**Richard L. Young**, *Judge*.

ARGUED DECEMBER 2, 2008—DECIDED AUGUST 18, 2009

Before CUDAHY, FLAUM, and SYKES, *Circuit Judges*.

CUDAHY, *Circuit Judge.* Darryl Foster pleaded guilty to violating the federal Gun Control Act of 1968, 18 U.S.C. § 921 *et seq.,* which prohibits convicted felons from possessing a firearm. The district court enhanced Foster's sentence pursuant to the Armed Career Criminal Act (ACCA) because it found that he had three prior violent felony convictions and that he used his gun in connection with the commission of a violent crime, to wit: criminal recklessness. Foster has affirmatively

waived any challenge to the ACCA enhancement, and the argument that he does make on appeal is frivolous. We therefore affirm.

## I.

On March 3, 2007, police responded to a report that gun shots were fired outside a home in Evansville, Indiana. Witnesses at the scene testified that someone named Darryl, or "Big D", fired his gun in the air during an altercation outside the house. The police found a spent .380 caliber shell casing on the sidewalk in the front of the house. They apprehended Darryl Foster—who matched the witnesses' descriptions of the shooter—inside the house and discovered a .380 caliber semi-automatic pistol in the basement. Foster, who has six prior felony convictions, admitted that the gun was his.

Foster was charged with unlawful possession of a fire-arm in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty and testified at the plea hearing that he fired shots in the air to break up a fight. Specifically, he said two men attacked one of his friends, and that "as I went to break up the fight, you know, I grabbed a gun out of the vehicle of a truck and shot in there to break the fight up and took him [Foster's friend] in the house."

Foster would later change his story. At the sentencing hearing three months after he entered his guilty plea, Foster claimed for the first time that he did not fire the gun. (Probably it was not a coincidence that Foster attempted to recant his admission after the district court explained the various sentencing enhancements to

which he was subject.) The district court refused to credit Foster's recantation. Because the court found that Foster was an armed career criminal who had used a firearm in connection with another felony, it enhanced his offense level from 24 to 34. The court ultimately sentenced Foster to 188 months' imprisonment, the bottom of his Guidelines range.

## II.

In effect, the district court enhanced Foster's sentence twice: first, it enhanced his sentence under the Armed Career Criminal Act; and second, it enhanced his sentence again because it found that he had used his firearm in connection with a violent crime, to wit: criminal recklessness. *See* U.S.S.G. § 4B1.4(b)(3) (possession of a firearm by an armed career criminal is to be assigned a base offense level of 34; use of this firearm in connection with a new crime of violence triggers an additional, one-level enhancement). Foster challenges only the latter enhancement on appeal. His argument is that there was insufficient evidence that he had actually fired the gun he admitted to possessing. We review the district court's factual findings for clear error. *See United States v. Turner*, 400 F.3d 491, 500 (7th Cir. 2005).[1]

---

[1] Foster suggests that we review the factual findings in support of a district court's sentencing determination *de novo*. However, the cases he cites do not stand for this proposition. This is regrettable. Litigants, of course, are free to advocate for a particular standard of review. What they may not do is

(continued...)

Foster's challenge to the district court's factual findings is frivolous. Facts in support of sentencing determinations need only be proven by a preponderance of the evidence. *McMillan v. Pennsylvania*, 477 U.S. 79, 84 (1986); *United States v. Omole*, 523 F.3d 691, 701 (7th Cir. 2008). The question, therefore, was whether the government had shown that it was more likely than not that Foster discharged his handgun in the presence of others. Any suggestion that the government had not carried its burden is silly: Foster's own testimony—in open court and under oath—was more than enough to establish by a preponderance that Foster had shot the gun. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("an admission is even better than a jury's finding beyond a reasonable doubt."). Again, Foster testimony was: "I went to break up the fight . . . I grabbed a gun out of the vehicle . . . and shot in there . . . ." That Foster later sought to recant this admission changes nothing. The district court found his recantation to be non-credible, and this finding is entitled to great deference. *See United States v. Taylor*, 72 F.3d 533, 542 (7th Cir. 1995). Indeed, Foster's attorney all but admitted the folly of this appeal during oral argument, where the most spirited defense of his argument he could muster was that he "endeavored to definitely not bring a frivolous appeal."

---

[1] (...continued)
make misleading representations concerning the manner in which we have reviewed certain questions in the past.

Unfortunately, the more interesting arguments were the ones that Foster did not make. In *United States v. Smith*, we held that criminal recklessness does not constitute a crime of violence under the Armed Career Criminal Act. *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008) ("after *Begay* [*v. United States,* 128 S. Ct. 1581 (2008)], the residual clause of the ACCA should be interpreted to encompass only 'purposeful' crimes."). We recently reaffirmed our holding in *Smith* in *United States v. Woods*, No. 07-3851, 2009 WL 2382700 (7th Cir. Aug. 5, 2009). This line of cases drives a wedge between crimes of recklessness and crimes of violence. Thus, there is a strong argument that the district court committed legal error—as opposed to factual error—by assuming that the fact the Foster shot the gun in the air with others nearby is enough, without more, to support the conclusion that Foster used the gun in connection with a crime of violence.

What is even more troubling is that the ACCA enhancement itself appears to have been erroneous. The ACCA requires courts to impose significantly more stringent sentences where an offender has at least three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Here, one of the predicates for Foster's ACCA enhancement was a 1990 conviction in Indiana for criminal recklessness. It was precisely this crime that *Smith* held was *not* a crime of violence under the ACCA. 544 F.3d at 787.

Since the briefs for this case were submitted before we had decided *Smith*, it is understandable that Foster failed to identify this issue initially. Ordinarily, we

might review the issue nevertheless for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006). However, during oral argument Foster's counsel explicitly declined our invitation to consider the appropriateness of Foster's ACCA enhancement in the light of *Smith*. When advised at oral argument that we had recently held that crimes of recklessness do not support an ACCA enhancement, counsel's response was "I think the case law is clear that firing a handgun in and of itself under the circumstances of a case such as this is, can be considered a crime of violence."

We cannot make a party's arguments for him, or force him to make arguments he seems determined not to raise. *See Miller v. Willow Creek Homes, Inc.*, 249 F.3d 629, 631 (7th Cir. 2001) ("attorneys speak for their clients in court, and once a position is announced, backpedaling . . . cannot be allowed."); *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999) (courts "are not in the business of formulating arguments for the parties."). Because Foster's counsel affirmatively waived any challenge to the ACCA enhancement, we cannot consider this issue here. The argument that Foster has made is without merit. Accordingly, we have no choice but to affirm the judgment of the district court.

AFFIRMED.