In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1767

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DUANE D. MAYS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08 CR 171—**William C. Griesbach**, *Judge.*

ARGUED SEPTEMBER 10, 2009—DECIDED JANUARY 27, 2010

Before MANION, SYKES, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* Duane Mays entered an uncondi-
tional guilty plea to possession of a firearm by a felon.
Prior to sentencing, he moved to withdraw his plea,
arguing that the possibility of a change in Fourth Amend-
ment law in a case pending before the Supreme Court
was a fair and just reason for withdrawal. The district court
denied that motion and sentenced Mays to an above-
Guidelines-range term of 30 months' imprisonment. Mays

appeals the district court's denial of his motion to withdraw and the sentence it imposed. We affirm.

## I.

On May 28, 2008, police in Langlade County, Wisconsin, stopped Duane Mays for speeding. The officer making the stop ran a record check and discovered there was an outstanding warrant for Mays's arrest based on an unpaid speeding citation. The officer placed Mays under arrest and searched him, finding $2500 in cash in his pockets. After securing Mays in the back seat of a patrol car, the arresting officer searched Mays's vehicle and found a loaded .380-caliber pistol under a jacket on the front passenger's seat. A drug-detection dog later alerted to Mays's vehicle and the cash he had been carrying, but no controlled substances were found.

Mays was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered an unconditional guilty plea on October 9, 2008, pursuant to a plea agreement with the government and following a thorough colloquy with the district court. In the plea agreement, Mays waived several rights, including "any claims he may have raised in any pretrial motion." Prior to sentencing, however, Mays filed a motion to withdraw his guilty plea based on the pending Supreme Court case of *Arizona v. Gant*, ___ U.S.___, 129 S. Ct. 1710 (2009).[1]

---

[1] In *Gant*, the Supreme Court examined whether the holding from *New York v. Belton*, 453 U.S. 454 (1981), and *Thornton v.*

(continued...)

In that motion, he argued that the possibility a favorable outcome in *Gant* would render the search of his vehicle unlawful (and the gun thus subject to exclusion) constituted a "fair and just reason" for withdrawing his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). The district court denied the motion, concluding that Mays's desire to take advantage of a potential change in the Supreme Court's search-incident-to-arrest precedent in *Gant* did not constitute a fair and just reason for withdrawing his plea.

At sentencing, the district court concluded that Mays possessed the .380-caliber pistol because he was involved in selling drugs. The court based that finding in part on the facts that Mays was carrying $2500 in cash, a drug-detection dog had alerted to his vehicle, and guns are tools of the drug trade commonly used for protection by

---

[1] (...continued)

*United States*, 541 U.S. 615 (2004)—that police may search the passenger compartment of a vehicle and any containers therein as a contemporaneous incident of the arrest of the vehicle's recent occupant—permits the search of an automobile after the arrestee has been secured and can no longer access the passenger compartment. 129 S. Ct. at 1714. In *Gant*, the Court granted the petition for a writ of certiorari on February 25, 2008, and heard oral arguments on October 7, 2008, two days before Mays entered his guilty plea. *Id.* at 1710. The Court issued its opinion on April 21, 2009, holding that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723.

dealers. The court also relied on several phone calls Mays had placed from jail. According to the presentence investigation report ("PSR"), Mays had been under investigation for dealing drugs in Wisconsin over a year before he was arrested. A confidential informant told law enforcement agents that Mays regularly traveled to Schaumburg, Illinois, to buy cocaine from a man named "Stan." The informant also said that two men named "Steve" and "Bruce" assisted Mays with the drug trafficking. During his detention, Mays placed phone calls to an unidentified man from Schaumburg, Illinois, and men named "Steve" and "Bruce," asking for bail money. In a conversation with the man from Schaumburg, Mays stated: "I got—they caught me with a gun. That's it. They got me with a gun. That's it." The district court understood that statement to communicate that Mays had been caught with only a gun, not drugs. The court believed Mays's phone calls corroborated the confidential informant's prior statements that Mays was dealing drugs. Based upon its finding that Mays possessed the gun to protect his drug trafficking activities, the district court sentenced him to 30 months' imprisonment, in excess of the 12-18 month advisory Guidelines range.

Mays appeals, challenging his sentence and the denial of his motion to withdraw his guilty plea.

## II.

### A. Motion to Withdraw the Guilty Plea

Mays first argues that the district court erred by denying his motion to withdraw his guilty plea. After a

court has accepted a guilty plea, a defendant's right to withdraw the plea prior to sentencing is not absolute, *United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008); he may withdraw the plea only if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and the "fair and just" Rule 11(d)(2)(B) escape hatch is narrow. *United States v. Roque-Espinoza*, 338 F.3d 724, 726 (7th Cir. 2003). A defendant's burden of showing the existence of a fair and just reason is heavy in such circumstances. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). We review the denial of a defendant's motion to withdraw a guilty plea before sentencing for an abuse of discretion. *United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009).

We have recognized several fair and just reasons for withdrawing a plea, including: the plea was not made voluntarily and knowingly, *United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007); actual innocence, *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2006); and legal innocence, *United States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006). Mays characterizes his argument—the possibility that a change in Fourth Amendment law in *Gant* would allow him to successfully move for the exclusion of evidence obtained during the search of his vehicle—as a claim of legal innocence.[2]

---

[2]  We will assume for the sake of argument that characterization is apt. *But see United States v. Jones*, 74 Fed. Appx. 664, 668

(continued...)

There is some authority for the proposition that a post-guilty plea, pre-sentence change in Supreme Court precedent that bears on a defendant's legal innocence may constitute a fair and just reason for permitting the withdrawal of the plea. *See, e.g.*, *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004); *United States v. Presley*, 478 F.2d 163, 167-68 (5th Cir. 1973). Here, however, there was no intervening change in Supreme Court precedent: *Gant* was not decided until after Mays was sentenced. The fact that the Supreme Court had granted the writ of certiorari and heard oral arguments in *Gant* was not indicative of a change in its Fourth Amendment search-incident-to-arrest precedent. At most, it signified that a change in the law was possible. Mays does not point to any authority that holds that the mere possibility of a change in Supreme Court precedent is a fair and just reason for withdrawal of a guilty plea. Hence, the district court did not abuse its discretion in concluding that the potential shift in the law posed by *Gant* was not a fair and just reason for withdrawing Mays's guilty plea and accordingly denying his motion to withdraw.[3]

---

[2] (...continued)
(7th Cir. 2003) (noting that defendant's seeking to suppress probative evidence of guilt by litigating suppression motion is not a claim of legal innocence); *United States v. Hudak*, No. 1:02-cr-00853, 2003 WL 22170606, at *3 (S.D.N.Y. Sept. 19, 2003) ("Whether the search warrant was valid or not impacts the strength of [the defendant's] tactical defense, not whether he is legally innocent.").

[3] Mays also argues that even if we find no abuse of discretion
(continued...)

## B. *Reliability of the Confidential Informant's Statements*

Next, Mays claims that the confidential informant's allegations of his involvement in drug trafficking that were recounted in the PSR were unreliable and that the district court erred by relying on that information in determining his sentence. A defendant has a constitutional right to be sentenced on the basis of accurate information. *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). The evidentiary standards at sentencing are relaxed, however, and a court may consider information that possesses "sufficient indicia of reliability to support its probable accuracy." *Id.* (quotation marks and citations omitted). Therefore, a court can rely on facts contained

---

[3] (...continued) in the district court's denial of his motion to withdraw, we are obligated under *Griffith v. Kentucky*, 479 U.S. 314 (1987), to remand the case so that the district court can entertain a motion to suppress based on *Gant*. In *Griffith*, the Supreme Court held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final." *Id.* at 328. But the *Griffith* rule is subject to established principles of waiver. *United States v. Verbitskaya*, 406 F.3d 1324, 1340 n.18 (11th Cir. 2005). Having found the district court did not abuse its discretion in denying Mays's motion to withdraw, Mays's unconditional guilty plea stands and operates as a waiver of all non-jurisdictional defects. *United States v. Silvious*, 512 F.3d 364, 372 (7th Cir. 2008) (citing *United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004)). That waiver includes his claim that the search was illegal. *Id.* Therefore, *Griffith* does not require remand.

in a PSR if the PSR is founded on sufficiently reliable information. *Id.* The defendant bears the burden of showing a PSR is inaccurate or unreliable, but more than a bare assertion of inaccuracy is required. *Id.* The defendant must furnish some evidence that calls into question the reliability or correctness of the facts contained in the PSR. *United States v. Willis*, 300 F.3d 803, 807 (7th Cir. 2002). If the defendant can produce such evidence, the burden shifts to the government to demonstrate the accuracy of the information. *United States v. Heckel*, 570 F.3d 791, 795-96 (7th Cir. 2009).

At the sentencing hearing, Mays claimed the confidential informant's statements were unreliable because there were three outstanding warrants for the informant's arrest around the time he made the statements. In addition, court orders allegedly were in force prohibiting the informant from making contact with Mays and Mays's residence. (Mays learned during discovery that the informant was his son-in-law). Although Mays introduced no documentation in support of these claims, we will assume for the sake of argument that he presented sufficient evidence to call into question the reliability of the informant's statements and thereby shifted the burden of showing their accuracy to the government.

We review the district court's determination of the reliability of the confidential informant's hearsay statements for an abuse of discretion. *United States v. Omole*, 523 F.3d 691, 702 (7th Cir. 2008). Reliability may be established by corroborating evidence, *United States v. Martinez*, 289 F.3d 1023, 1029 (7th Cir. 2002), and there was

evidence in the record corroborating the confidential informant's statements in the PSR. Over a year after the informant reported that Mays regularly bought cocaine from a man named "Stan" from Schaumburg and trafficked drugs with the assistance of men named "Steve" and "Bruce," Mays placed calls from jail seeking bail from a man in Schaumburg and men named "Steve" and "Bruce." In addition, during his conversation with the man from Schaumburg, Mays stated: "I got—they caught me with a gun. That's it. They got me with a gun. That's it." It was reasonable for the district court to infer from that statement that Mays was telling the person from Schaumburg that he had been caught with *only* a gun and not with evidence of other crimes—for example, drugs. That statement thus corroborated the informant's statements that Mays was involved in drug trafficking with a man from Schaumburg. The district court then was justified in relying on the informant's other statement—that men named "Steve" and "Bruce" were helping Mays with drug trafficking—especially in light of the fact that Mays later placed calls from jail to men with the same names seeking bail money. Moreover, the sizeable sum of cash Mays was carrying when he was arrested, the drug-detection dog's alerting to the cash and Mays's vehicle, and the correlation of firearms with drug activities[4] further corroborated the informant's statements that Mays was involved in drug dealing.

---

[4] It is an "ubiquitous observation in the courts" that firearms are tools of the drug trade. *United States v. Bryant*, 420 F.3d 652, 657 (7th Cir. 2005).

Accordingly, we see no abuse of discretion in the district court's conclusion that the confidential inform- ant's statements bore sufficient indicia of reliability to support their probable accuracy.

Mays also contends there was not enough evidence to support the district court's finding that he possessed the gun because he was selling drugs. The district court's standard of proof for finding facts affecting a defendant's sentence is a preponderance of the evidence, *United States v. Sliman*, 449 F.3d 797, 800 (7th Cir. 2006), and our review is for clear error, *United States v. Foster*, 577 F.3d 813, 815 (7th Cir. 2009). We see no clear error on this record. The informant's statements concerning Mays's drug activities that were corroborated by Mays's phone calls from jail, along with the $2500 in cash he was carrying, the drug-detection dog's alerts to the cash and his automobile, and the common association of firearms with drug activities, easily permitted the district court to find by a preponderance of the evidence that Mays's motivation for possessing the .380- caliber pistol was because he was engaged in drug dealing.

## C. Reasonableness of the Sentence

Last, Mays asserts that the 30-month sentence, which was in excess of the 12-18 month advisory Guidelines range, was substantively unreasonable[5] because it was

---

[5] Mays does not claim there was procedural error in the district court's sentencing decision, and our review of the
(continued...)

based on uncharged conduct (drug trafficking) for which he was not convicted. Regardless of whether a sentence is inside or outside of the Guidelines range, we review its reasonableness for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596-97 (2007). No presumption of unreasonableness arises merely because a sentence falls outside the Guidelines range. *Id.* at 597.

Mays's argument is a non-starter. "[T]he longstanding principle that sentencing courts have broad discretion to consider various kinds of information" in fashioning a sentence is codified in 18 U.S.C. § 3661. *United States v. Watts*, 519 U.S. 148, 151 (1997) (per curiam). That statute states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.[6] The Supreme Court long has recognized that a sentencing court

---

[5] (...continued)
record has not revealed any. Therefore, we will proceed directly to the substantive reasonableness inquiry. *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009).

[6] Section 1B1.4 of the Sentencing Guidelines echoes the policy behind § 3661: "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661."

may consider a defendant's uncharged criminal conduct. *E.g., Watts*, 519 U.S. at 154; *Williams v. New York*, 337 U.S. 241, 244, 247 (1949). We recently reiterated that same principle in *Heckel*: "a wide range of conduct is relevant at sentencing—including uncharged conduct and charges of which the defendant was acquitted—so long as that conduct is established by a preponderance of the evidence." 570 F.3d at 797. We have already concluded that the district court did not commit clear error in finding that Mays's drug trafficking was proven by a preponderance of the evidence. Therefore, his argument that the above-Guidelines-range sentence was unreasonable because it was predicated on that uncharged drug-dealing activity fails. Mays does not advance any other argument why his sentence was substantively unreasonable, so we find no abuse of discretion by the district court.

## III.

The district court did not abuse its discretion in holding that the potential change in Fourth Amendment law posed by *Gant* did not constitute a fair and just reason for permitting Mays to withdraw his guilty plea. In addition, Mays's sentence was based on reliable information and was substantively reasonable. Accordingly, we AFFIRM the judgment of the district court.