NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2010
Decided December 2, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1685

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-57-C-02 |
| JERMAINE GRANT, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Jermaine Grant pleaded guilty to possession of ammunition by an unlawful user of marijuana, 18 U.S.C. § 922(g)(3), and was sentenced to 63 months' imprisonment. A more serious charge was dismissed as part of a plea agreement. Grant filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Grant opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and in Grant's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

An informant alerted police that Grant's codefendant, Alvin Martin, was selling crack cocaine in Madison, Wisconsin. After three controlled buys from Martin, all of which

occurred in Grant's home and totaled approximately 146 grams of crack, investigators executed a search warrant at the house and found approximately 96 grams of marijuana, 10 rounds of ammunition, and drug ledgers. Grant was arrested. He told the investigators that he smoked one and a half ounces of marijuana about every other day.

As part of a plea agreement, the government dismissed a count charging Grant with maintaining a crack house. *See* 21 U.S.C. § 856(a)(2). But Grant stipulated that he committed that offense and agreed that it would be considered in determining his guidelines imprisonment range. *See* U.S.S.G. § 1B1.2(a), (c); *United States v. Beith*, 407 F.3d 881, 887 (7th Cir. 2005); *United States v. Bernard*, 373 F.3d 339, 346 (3d Cir. 2004). Grant conceded that he permitted Martin to sell crack from the house but insisted that no drugs were stored there. Grant explained that he did not believe himself responsible for the crack because Martin had brought it to each transaction, conducted the sales himself, and never compensated Grant for the use of his home. Martin's girlfriend had told authorities, however, that Grant participated in the drug sales and also helped Martin cook powder cocaine into crack and package the product.

In calculating the guidelines range, the probation officer set a base offense level of 30 for the § 856 count, *see* U.S.S.G. § 2D1.8(a)(1), and subtracted 2 levels because Grant was a minor participant, *see id*. § 3B1.2(b). For the ammunition offense, the probation officer set a base offense level of 14, *see id*. § 2K2.1(a)(6), and made no adjustments. The higher figure for the § 856 count controlled, *see id*. § 3D1.4, and after subtracting 3 levels for acceptance of responsibility, *see id*. § 3E1.1, the probation officer arrived at a total offense level of 25. That number coupled with Grant's criminal history category of II yielded an imprisonment range of 63 to 78 months.

At sentencing Grant argued that he should receive a 4-level reduction under U.S.S.G. § 2D1.8(a)(2), which gives a discount to a defendant who maintained a drug house but did not engage in broader criminal activity. Grant offered no evidence, but his lawyer asserted that Grant had let Martin use his house to deal crack but never benefitted from Martin's business or participated in the preparation, storage, or sale of the drugs. The district court rejected Grant's argument and credited the contrary account given by Martin's girlfriend. After considering the factors in 18 U.S.C. § 3553(a), the court imposed a 63-month term of imprisonment.

Grant has not indicated that he wants to challenge his guilty plea, and so counsel appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of Grant's plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first evaluates whether Grant could challenge the denial of a reduction under § 2D1.8(a)(2). Grant discusses the same question in his Rule 51(b) response. At sentencing Grant's lawyer (who also represents him here) asserted that Grant was uninvolved in preparing or selling the drugs, but counsel did not introduce any evidence contradicting Martin's girlfriend, who said she witnessed Grant doing both. This omission left the information in the presentence report unrebutted, *see United States v. Mays*, 593 F.3d 603, 608 (7th Cir. 2010); *United States v. Heckel*, 570 F.3d 791, 795-96 (7th Cir. 2009); *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008), and thus any argument that Grant should have received a discount under subsection (a)(2) would be frivolous.

Grant's lawyer also considers challenging the reasonableness of the prison sentence but correctly concludes that the claim would be frivolous. Grant's within-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and the record here provides no basis to upset that presumption. The district court correctly calculated the guidelines range, heard argument and allocution from the parties, and evaluated the factors in 18 U.S.C. § 3553(a) before imposing the 63-month term of imprisonment. No other steps were required. *See United States v. Panaigua-Verdugo*, 537 F.3d 722, 727-28 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.