In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1104

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARIO CAVIEDES-ZUNIGA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-CR-00197(1) — **Robert W. Gettleman**, *Judge.*

SUBMITTED JANUARY 21, 2020 — DECIDED JANUARY 27, 2020

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge.* Mario Caviedes-Zuniga pleaded guilty to distributing 140 grams of heroin. 21 U.S.C. §841(a)(1), (b)(1)(B). He was sentenced to 111 months' imprisonment, a term 77 months below the low end of the range (188 to 235 months) recommended by the Sentencing Guidelines. After filing a notice of appeal, he told his lawyer that he wants a trial. He also told counsel that he does not

wish to contest his sentence, if the conviction remains in place. Counsel evaluated the potential arguments and has asked to withdraw, representing that he deems the appeal frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Caviedes-Zuniga received a copy of this submission but did not respond. See Circuit Rule 51(b).

Before filing motions and briefs under *Anders*, criminal-defense lawyers should find out whether their clients wish to contest their guilty pleas. See, e.g., *United States v. Konczak*, 683 F.3d 348 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002). As those decisions explain, a plea bargain may provide a defendant with substantial benefits—for example, dismissal of some counts of an indictment, a sentence reduction for accepting responsibility, or a concession by the prosecutor about the quantity of drugs or financial loss attributable to the defendant's course of conduct—that would be lost if the plea were withdrawn on grounds such as a district judge's failure to provide all of the advice required by Fed. R. Crim. P. 11. Before presenting arguments that could make the defendant worse off, we held, counsel should obtain the defendant's informed consent to the risks. If the defendant is content to let the guilty plea stand, counsel need not advance or discuss potential ways to have the plea vacated. "Appellate lawyers are not obliged to raise issues that could boomerang on their clients; it is no failure of advocacy to leave well enough alone." *Knox*, 287 F.3d at 671.

Caviedes-Zuniga's lawyer contends that the same principle applies to sentencing, for a successful effort to upset a sentence may harm a defendant. See, e.g., *United States v. Masters*, 978 F.2d 281 (7th Cir. 1992). Caviedes-Zuniga's situation shows why. His sentence, years below the lower bound

of the applicable range, easily could rise on remand. The district court gave him substantial credit for accepting responsibility. A judge might well reconsider that discount on learning that on appeal Caviedes-Zuniga tried to have the plea vacated, even if the attempt failed. The district judge also observed that Caviedes-Zuniga had been induced by his family to enter the drug trade, had spent time in pretrial detention (in Colombia as well as the United States), and had assisted a prosecutor in Florida during an investigation of counterfeiting. If we were to vacate the sentence, the case could be reassigned to a judge who would weigh these matters less favorably to Caviedes-Zuniga. And of course new criminal conduct (or misconduct in prison) might come to light before a resentencing, affecting the Guidelines' range or the appropriate exercise of discretion.

A challenge to a sentence, no less than a challenge to the validity of a guilty plea, carries risks as well as conceivable benefits for a defendant. Lawyers therefore must ensure that a defendant understands these risks and makes an informed choice whether to contest the sentence. Counsel assures us that he discussed the risks and benefits with Caviedes-Zuniga, who decided not to dispute his sentence. It was accordingly unnecessary for counsel to discuss, under the *Anders* procedure, potential arguments in support of resentencing, and it is also unnecessary for us to discuss them.

As we mentioned earlier, Caviedes-Zuniga did ask his lawyer to challenge the guilty plea. Counsel reviewed several potential arguments but concluded that all are frivolous. For the reasons given in a nonprecedential order issued contemporaneously with this opinion, we agree with counsel's

assessment. We therefore grant counsel's motion to withdraw and dismiss the appeal as frivolous.