In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1198

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY COLLINS, also known as SCOOTER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-CR-00379-3 — **Gary Feinerman**, *Judge.*

ARGUED DECEMBER 15, 2020 — DECIDED FEBRUARY 3, 2021

Before KANNE, HAMILTON, and BRENNAN, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Larry Collins was charged in
2014 with participating in a heroin distribution ring. He
pleaded guilty to two charges and was sentenced to 180
months in prison, the statutory mandatory minimum for
those offenses. In this direct appeal, Collins seeks to withdraw
his guilty plea because, he says, at sentencing the government
breached the plea agreement by failing to tell the court that he

cooperated with its investigation. Collins did not raise this argument in the district court, so we review it under the demanding "plain error" standard. We affirm. Even if there might have been a breach of the plea agreement, which we doubt, it was not plain. And even if there had been a plain error, the unusual circumstances of this case show that Collins did not suffer any prejudice from it. His sentence was the lowest the law would permit, and the plain-error review does not entitle Collins himself to choose to withdraw his guilty pleas.

I.  *Factual and Procedural Background*

Collins's boss supplied heroin out of "stash houses" where workers mixed, stored, and packaged drugs. They kept firearms at the houses and sold heroin to street distributors. After Collins was charged with trafficking heroin, his cooperation with the government became relevant to sentencing. His first attempt, and the focus of this appeal, was his meeting with the prosecutor to discuss his role in the drug distribution ring. Collins and his lawyer hoped for "safety-valve" relief, which allows some cooperating defendants to be sentenced below an otherwise-applicable statutory minimum by telling the government what they know about their own crimes. See 18 U.S.C. § 3553(f). At the meeting, however, both the defense and the prosecution realized that § 3553(f)(2) barred Collins from safety-valve relief because his offenses involved firearms.

Collins later negotiated a plea deal with the government. He pleaded guilty to possessing heroin with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846, and possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). The first charge carried a ten-year mandatory minimum sentence and the second a five-year mandatory

minimum consecutive to the first, for a total minimum of fifteen years in prison.

The second episodes relevant to cooperation stem from the written plea agreement. Collins agreed to "fully and truthfully cooperate in any matter." In exchange, the government held out the only remaining possibility for avoiding the mandatory minimum fifteen years. If the government determined that Collins complied, it promised it would move for a downward departure from the statutory minimum under the terms of 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. In addition, the government agreed to "make known to the sentencing judge the extent of [Collins's] cooperation" in "providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any … proceeding."

The judge accepted Collins's guilty plea. At the plea hearing, the judge explained that the plea deal required Collins to cooperate with the government, and that, if he did, he could receive a downward departure in his sentence, below the statutory minimums. After discussing the agreement and ensuring that Collins understood his rights, as required by the detailed provisions of Federal Rule of Criminal Procedure 11(b), the judge ruled that his pleas were knowing and voluntary and found him guilty.

Before sentencing, however, Collins chose not to follow through. He did not cooperate as he had promised and as the government wanted. Consistent with the plea agreement, the government had planned to call Collins to testify at his codefendants' trial. Three weeks before that trial, however, Collins told the prosecutors that he would not meet with them. The government made a second request for Collins's lawyer

to schedule a meeting with the government. Again, Collins refused to attend. The government then made a third request. Collins appeared for the meeting, but when the prosecutor asked Collins one question about guns, he refused to answer and left the meeting.

About two weeks later, Collins moved to withdraw his guilty pleas. He said that he had learned about illegally obtained evidence. He also faulted his lawyer for telling him to participate in the safety-valve meeting even though Collins was not eligible for relief. The court denied his motion.

Sentencing came next. The government did not move for a downward departure from the statutory minimum. It explained that Collins had refused its three requests to provide "complete and truthful testimony" as required by the plea agreement. Collins disputed the government's position, saying that he had attended one meeting, but that was the meeting where he declined to answer the question and left. The district court concluded correctly that it was "solely in the government's discretion" to decide whether Collins had been forthcoming enough to earn a downward departure. Given Collins's lack of cooperation, the government's refusal to move for one was amply justified. The court sentenced Collins to fifteen years in prison—the lowest sentence available.

II. *Analysis*

On appeal, Collins argues that the government breached the plea agreement by not telling the judge that he had tried to cooperate during his original safety-valve proffer, which occurred before he entered into the plea agreement. Collins says that he relied on the government's promise when he

pleaded guilty. He maintains the breach entitles him to with-draw his plea and proceed to trial.

Because the parties do not dispute the relevant facts, the question of breach is a legal one that we review de novo. See *United States v. Wyatt*, 982 F.3d 1028, 1030 (7th Cir. 2020). A government breach of a plea agreement can be a very serious matter, particularly if it concerns the government's sentencing recommendation or position. *Id*. Depending on the circumstances, a proven breach may be remedied by resentencing, ordinarily before a different judge, or by allowing the defendant to withdraw his plea. *Santobello v. New York*, 404 U.S. 257, 262–63 (1971) (finding that government's sentencing recommendation breached its plea agreement and remanding to trial court to decide whether remedy should be resentencing or plea withdrawal).

In this case, however, we must approach the questions of breach and remedy through the lens of plain error. Collins did not raise in the district court his claim that the government had breached the plea agreement. E.g., *Puckett v. United States*, 556 U.S. 129 (2009) (applying plain-error review to new claim on appeal of breach of plea agreement); see Fed. R. Crim. P. 51(b) & 52(b). The Supreme Court explained in *Puckett* that proving plain error is "difficult, 'as it should be.'" 556 U.S. at 135. Collins must show (1) that there was a breach that (2) was clear and obvious, which (3) affected his substantial rights and (4) seriously disturbed the fairness, integrity, and reputation of the judicial proceedings. *Id.* (applying four-step plain-error review to government's breach of promise to recommend guideline reduction). We follow all four of those steps.

First and second, it is possible that the government breached its plea agreement here, but any possible breach was

not "clear" or "obvious." The plea agreement required the government to "make known at the time of sentencing the extent of [Collins's] cooperation." At sentencing, the government truthfully told the court that, shortly before the co-defendants' trial, it made three attempts to secure from Collins his "complete and truthful testimony" and that Collins refused to provide it. The prosecutor said nothing, however, about Collins's proffer for safety-valve relief before he pleaded guilty.

Even though the prosecutor was silent about this proffer, the district court was already aware of it: Collins discussed it with the court at least four times—during two earlier motion hearings, in his sentencing memorandum, and at the sentencing hearing. And at no time did the government dispute the fact of that proffer.

In the language of at least the federal criminal justice system, there is a difference between admitting one's own guilt and "cooperating." The safety valve requires a defendant to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). But if the defendant has no information useful in prosecuting others, that fact does not justify denial of safety-valve relief. *Id*. "Cooperation," on the other hand, is usually understood to require truthful information that provides substantial assistance in prosecuting others. See § 3553(e); U.S.S.G. § 5K1.1. And cooperation that satisfied § 3553(e) and § 5K1.1 was the only way Collins could avoid the mandatory minimum of fifteen years.

What did the parties mean in requiring the government to disclose the defendant's "cooperation" in this plea agreement? Only substantial assistance, or did the parties mean to include the original unsuccessful proffer under the safety-valve? We believe the better interpretation is substantial assistance. After it became clear that Collins was not eligible for the statutory safety valve, substantial assistance would have been the only way to avoid the fifteen-year mandatory minimum sentence. And that interpretation is consistent with both sides' conduct in the sentencing hearing. The government did not remind the judge about the safety-valve proffer, and the defense did not suggest that the silence was a breach of the plea agreement.

On the other hand, we can also understand that it might have been important for Collins to have the government tell the judge *anything* positive about his efforts to accept responsibility by providing truthful information about his own conduct. As we noted in *Wyatt*:

> Every judge and lawyer in the federal criminal justice system knows that arguments and evidence in mitigation carry much greater weight when they come from the government instead of the defense. This truism carries extra force when it comes to assessments of cooperation, where the government is better informed and less likely than the defense to exaggerate the value. That's why a promise from the government to present such mitigating information is so important. See, e.g., U.S.S.G. §§ 3E1.1 & 5K1.1 (third level of credit for acceptance of responsibility and downward departure for substantial

> assistance available only upon government mo-
> tion). That's also why the presumptive remedy
> is reversal and resentencing before a new judge.

*Wyatt*, 982 F.3d at 1030–31.

Still, if there was a breach in the government's failure to remind the judge about the earlier safety-valve proffer, the arguments and evidence pointing in the other direction convince us that it could not have been a plain error.

And further, even if Collins could satisfy the first and second steps of plain-error review, he would still fail at the third: prejudice to his substantial rights. See *Puckett*, 556 U.S. at 141–42. Collins must show a reasonable likelihood that, if the prosecutor had spoken up about his first proffer session, the outcome of the case would have been different. See *Wyatt*, 982 F.3d at 1031 (finding no prejudice on plain-error review where court imposed sentence that both parties recommended, well below applicable guideline range); *United States v. Navarro*, 817 F.3d 494, 500–01 (7th Cir. 2016) (finding prejudice on plain-error review where government's sentencing recommendation likely influenced judge to impose higher sentence).

For three reasons, the government's silence about the safety-valve proffer did not prejudice Collins, either at sentencing or in his decision to plead guilty. First, as to sentencing, the government warned Collins in its memorandum (filed before the sentencing hearing), that the prosecutor planned to tell the judge that Collins had not cooperated. Despite this warning, Collins did not respond at sentencing by asserting that the court did not have enough information to

sentence Collins fairly. Nor could he, given that the court already had received this information.

Second, if the government had told the court that Collins made a safety-valve proffer, we see no reasonable likelihood that the sentence would have been any more favorable to him. See *United States v. Salazar*, 453 F.3d 911, 915 (7th Cir. 2006) (affirming on plain-error review; defendant did not show that his sentence would have been lower but for prosecutor's breach). As Judge Feinerman correctly explained here, unless the government moved for a downward departure, a decision left to the prosecutor's discretion, the court could not sentence Collins below the statutory minimum of fifteen years. The government did not move for a departure, and Collins does not challenge that decision. He wound up with the lowest sentence he could have received.

With a lighter sentence not legally available here, Collins argues that he was prejudiced by the government's breach because he was not allowed to withdraw his guilty plea. His theory is that, if the district court had known of the breach, it would have allowed Collins to withdraw his guilty plea. We see no reasonable likelihood of this outcome. District courts may allow defendants to withdraw their pleas only for a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). This is a heavy burden where the court conducted a thorough Rule 11 colloquy before accepting the plea. See *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). The typical "fair and just" reasons for permitting a defendant to withdraw pleas are claims of innocence or contentions that the plea was not knowing and voluntary. *Id*.

Neither applies here. Collins does not claim innocence. And because any breach occurred at sentencing, "nothing"

can establish "that the Government's breach of a plea agreement retroactively cause[d] the defendant's agreement to have been unknowing or involuntary." *Puckett*, 556 U.S. at 137. Even if we assume there was a breach at sentencing here, it took the form of a failure to tell the judge once more what he already knew.

There also is no reason to think Collins provided any substantial cooperation in that initial and incomplete proffer session, such that a presentation of the information by the government would have caused the judge to see Collins in a different light, especially after his own pre-sentencing breach of the plea agreement in refusing to provide the promised cooperation about co-defendants. We see no reason to think that the judge would have thought that the appropriate response to the asserted breach would have been to allow Collins to withdraw his pleas. Even if there had been a breach, Collins's substantial rights were not violated.

Finally, Collins's request for relief also fails to satisfy the fourth prong of plain-error review: the likely effect on the fairness, integrity, and public reputation of the judicial proceedings. *Puckett*, 556 U.S. at 135, 142. When a remedy is warranted for breach of a plea agreement's term on a sentencing recommendation, our "usual course" is to remand for resentencing (as opposed to allow a plea withdrawal). *Navarro*, 817 F.3d at 503, n.1; see also *United States v. Diaz-Jimenez*, 622 F.3d 692, 696 (7th Cir. 2010) (remanding for resentencing where prosecutor's sentencing recommendation breached the plea agreement). But here, a resentencing by a different judge would again yield a prison term for Collins of no less than the statutory minimum of fifteen years. The result could not change in his favor.

We recognize that Collins wants to withdraw his guilty plea, but he is not entitled to that relief. See *Kernan v. Cuero*, 138 S. Ct. 4, 8 (2017) (emphasizing that *Santobello* left it to trial courts, on remand from a proven breach, to decide whether defendant's remedy should be resentencing or an opportunity to withdraw his plea). As discussed above, Collins does not meet the standard criteria for a discretionary plea withdrawal. Because he received the minimum sentence allowed by law for his convictions, neither resentencing nor plea withdrawal is necessary to protect the fairness, integrity, or reputation of the courts.

The judgment of the district court is AFFIRMED.