**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021[*]
Decided August 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2726

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:97 CR 88 |
| MICHAEL MASON, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Michael Mason, a federal inmate convicted of multiple drug crimes, moved to have his life sentence reduced under the First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. The district judge declined to reduce Mason's sentence after concluding that two of Mason's crack-cocaine related offenses still carried a maximum sentence of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

life in prison, a penalty recommended by the Sentencing Guidelines. Because the judge properly exercised his discretion in denying the motion, we affirm.

Mason was convicted by a jury in 1998 of eight counts for his role in heading a criminal organization that distributed powder cocaine and crack cocaine around Gary, Indiana. Five of the eight counts related to crack cocaine: one count of conspiring to distribute powder cocaine and crack cocaine, 21 U.S.C. §§ 841(a)(1), 846; three counts of possessing with the intent to distribute crack cocaine, *id.* § 841(a)(1); and one count of using a minor in drug trafficking. *Id.* § 861(a)(1). The judge sentenced him to life plus a consecutive 360 months for a conviction under 18 U.S.C. § 923(c)(1)(B)(ii) (possession of a firearm with a silencer during drug trafficking). We upheld the sentence on direct appeal. *United States v. Frazier*, 213 F.3d 409, 419 (7th Cir. 2000).

Mason challenged his sentence under 28 U.S.C. § 2255, arguing, based on *Alleyne v. United States*, 570 U.S. 99, 103 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that the judge rather than the jury made drug-quantity findings that increased his sentence. The judge found the challenge procedurally barred and denied the motion. The judge added: "[A]bundant evidence supported the convictions. After thoroughly analyzing available information, the court is confident Mason's constitutional rights were respected."

Mason then filed a pair of motions pursuing a sentence modification. First, he moved for a reduced sentence under Amendment 782, a retroactive revision to the Sentencing Guidelines that lowered the base offense level for most drug crimes. But his appointed counsel later acknowledged that Mason's guidelines range under the amendment remained life. Mason also sought relief under the First Step Act, which made provisions of the Fair Sentencing Act retroactive for certain defendants convicted of crack-cocaine-related offenses.

The judge found Mason eligible for relief under the First Step Act based on the five crack-cocaine convictions but declined to disturb the overall prison term. The judge observed that Mason still would face a within-guidelines life sentence even if he were sentenced today under the updated penalties that would apply to him. The court also considered the sentencing factors under 18 U.S.C. § 3553(a), see *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020), and concluded that Mason's post-conviction conduct (earning a GED, mentoring youth, and incurring very few citations in prison) was outweighed by the seriousness of the offense (orchestrating a vast cocaine conspiracy that involved a minor and a firearm silencer) and the need to deter others from engaging in similarly harmful conduct.

On appeal, Mason presents a three-part challenge to the judge's decision not to reduce his sentence under the First Step Act. First, Mason argues that the judge ran afoul of *Apprendi* by calculating the updated statutory penalties based on drug quantities that were not found by the jury. But we recently joined the majority of the circuits in concluding that § 404(b) of the First Step Act "authorizes but does not require a district court to apply intervening judicial decisions." *United States v. Fowowe*, 1 F.4th 522, 531–32 (7th Cir. 2021). The judge here appropriately explained that, having already rejected Mason's *Apprendi* argument on collateral review, he did not need to reconsider the matter.

Second, Mason argues that the judge improperly weighed certain § 3553(a) factors, specifically his post-conviction conduct as well as a sentencing disparity with his co-defendant, who received a reduction despite engaging in similarly harmful conduct. This argument is meritless. The judge acknowledged Mason's post-conviction conduct but found it outweighed by other considerations, including the seriousness of his offense and the need to deter others form engaging in like conduct. Moreover, we have consistently rejected arguments that judges have an obligation to consider disparities between co-defendants' sentences; § 3553(a)(6) addresses unwarranted sentences not between co-defendants but among judges or districts. *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). In any event, Mason glosses over the fact that his co-defendant received a lower recommended sentence for having pleaded guilty. Relatedly, Mason correctly points out that the judge mischaracterized the conspiracy as lasting fourteen years instead of four, but the error was harmless because it did not affect Mason's sentence. See *United States v. Adams*, 873 F.3d 512, 518 (7th Cir. 2017). The judge gave sufficient alternative reasons not to reduce Mason's sentence, including the large quantity of drugs, the involvement of a minor and a firearm silencer, and Mason's attempt to obstruct justice by lying under oath.

Third, Mason argues that the judge ignored *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020), by failing to consider a sentence reduction for the § 924(c) conviction—a non-covered offense under the Fair Sentencing Act— that was grouped with his covered cocaine offenses. In *Hudson*, we concluded that the defendant was eligible for a reduction to his entire sentence, where his non-covered firearm offense had been grouped with his covered cocaine-based offenses, and the resulting aggregate sentence included his sentences for both the firearm and covered offenses. *Id*. But the judge here lacked the ability to reduce Mason's sentence for the § 924(c) conviction, which is subject to a 30-year statutory minimum sentence. See *United States v. Collins*, 986 F.3d 1029, 1034 (7th Cir. 2021). Further, the judge considered the relation between

§ 924(c)'s mandatory sentence and the life sentence for the drug convictions and upheld the life sentence "in light of the mandatory 30-year consecutive term which must be served."

AFFIRMED