NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 20, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2927

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19CR00088-001 |
| JOSEPH THARPE, *Defendant-Appellant*. | James R. Sweeney, II, *Judge*. |

**O R D E R**

Joseph Tharpe pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), after an Indianapolis police officer saw him fire a gun at a gas station. The district court applied a four-level enhancement for using a firearm in connection with another felony (reckless discharge of a weapon), arrived at a guidelines range of 84 to 105 months in prison, and imposed a sentence of 102 months' imprisonment. On appeal,

Tharpe's appointed counsel contends that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this could involve. Because her analysis appears adequate, and Tharpe has not responded, *see* CIR. R. 51(b), we limit our review to the subjects that she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We agree with counsel's position, grant the motion, and dismiss the appeal.

In February 2019, an Indianapolis police officer saw Joseph Tharpe run from a gas station, turn back, and fire two rounds at the gas station. The officer arrested Tharpe, recovered the gun, and found spent shell casings where Tharpe had discharged the gun. Officers later found a bullet in the gas station's cash-register area. Tharpe knew at the time that he had a prior felony conviction. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Charged with possessing a firearm as a felon, Tharpe pleaded guilty.

At sentencing, the government requested a four-level enhancement based on Tharpe's use of the firearm in connection with another felony—recklessly shooting into a populated building. U.S.S.G. § 2K2.1(b)(6)(B); Ind. Code Ann. § 35-42-2-2. Tharpe objected, arguing that he fired to defend himself from an attempted robbery. In support, he testified that as he was leaving the gas station, three people accosted him, and he turned to fire because he thought that they were chasing him. The government proffered evidence to rebut that testimony. First, the lead investigating officer testified that the arresting officer did not see anyone near or chasing Tharpe that night. Second, during Tharpe's jailhouse calls, he said that he had no reason for firing the gun. The district court credited the government's evidence, found that Tharpe recklessly fired into an occupied building, and applied the enhancement.

Counsel first considers but rejects the possibility of challenging Tharpe's plea. In her brief, counsel explains that she advised Tharpe about the risks of challenging his plea, and Tharpe confirmed that he does not wish to withdraw his guilty plea. Therefore, counsel properly omits discussion of any argument related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel next considers challenging the factual basis for the sentencing enhancement—that Tharpe used the firearm in connection with the felony of recklessly firing his gun. This is a mixed question of law and fact, which we review for clear error. *See United States v. Meece*, 580 F.3d 616, 620 (7th Cir. 2009). The district court applied the enhancement after reasonably crediting the government's evidence that Tharpe fired at the occupied station for no reason and disbelieving Tharpe's story about self-defense.

Because a factfinder's choice between two permissible accounts of the evidence cannot be clearly erroneous, *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985), counsel rightly concludes that challenging the enhancement would be frivolous.

Counsel also considers and rejects a potential challenge to the reasonableness of the sentence. Counsel does not state whether she discussed with Tharpe the risks of such a challenge, *see United States v. Caviedes-Zuniga*, 948 F.3d 854, 856 (7th Cir. 2020), but in any case, it would be pointless. *See Konczak*, 683 F.3d at 349. Tharpe did not object to the court's calculation of the guidelines range (other than as discussed above), and the court reasonably weighed the competing sentencing factors under 18 U.S.C. § 3553(a) and adequately explained its reasoning. It permissibly balanced Tharpe's arguments about his upbringing and plans to reform against his "pattern of anger and violence and guns," the leniency in his prior sentencings, and the need for deterrence and public safety. Thus, nothing in the record would rebut the presumption that Tharpe's within-guidelines sentence is reasonable. *See United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.