In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2790

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALBERT LARRY, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-CR-00760(1) — **Sara L. Ellis**, *Judge.*

SUBMITTED MAY 17, 2024 — DECIDED JUNE 25, 2024

Before KIRSCH, JACKSON-AKIWUMI and PRYOR, *Circuit Judges*.

PER CURIAM. Albert Larry appeals his conviction for conspiring to commit sex trafficking by force, fraud, or coercion. *See* 18 U.S.C. § 1594(c). His appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We begin this *Anders* case, as we often do, by observing that counsel's brief explains the nature of the appeal and addresses the issues that an appeal

of this kind might be expected to involve. And we add that, because counsel's analysis appears adequate (except in one respect discussed below), and Larry did not respond to the motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). But we are taking the additional step of issuing this ruling as a precedential decision because counsel's brief, like many other *Anders* briefs, omits a step in the *Anders* analysis, an omission that we will detail shortly in the hope that it will not recur in future *Anders* submissions. As we will also explain, despite this omission, we can grant the motion and dismiss the appeal.

Larry was charged with sex trafficking. *See* 18 U.S.C. § 1591(a)(1), (b)(1). For about one year, he had advertised the sexual services of a woman, Victim A, online. During this time, he took most of the money that Victim A earned from performing sex acts, physically abused her, and threatened her family if she ever refused to perform the sex acts Larry advertised.

Larry entered into a binding plea agreement with the government. FED. R. CRIM. P. 11(c)(1)(C). In exchange for Larry pleading guilty to a new charge of conspiracy to commit sex trafficking, the government agreed to a prison sentence between 144 and 180 months. Larry expressly waived the right to challenge his conviction, any pre-trial rulings, and any part of the sentence or the manner in which it was determined. The waiver did not apply to a claim of "involuntariness" or ineffective assistance of counsel. The district court sentenced Larry to 160 months' imprisonment and 5 years' supervised release.

Counsel first considers potential challenges to the validity of Larry's guilty plea on the ground that the district court did not comply with Rule 11 of the Federal Rules of Criminal Procedure. It is unclear, however, whether Larry wishes to raise those challenges. Counsel should not consider in an *Anders* brief any arguments about the validity of a guilty plea unless counsel has consulted with the client, advised the client of the risks of withdrawal of the plea, and confirmed that the client wishes to withdraw the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002); *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel's brief does not explain whether he consulted with Larry about the risks of withdrawing his plea and whether Larry wishes to do so.

Because other recent *Anders* submissions have likewise omitted this critical information, we remind defense counsel of their obligations. First, before evaluating a potential Rule 11 challenge in an *Anders* brief, counsel must tell us whether counsel has consulted with the client about the risks and benefits of withdrawing a guilty plea and the client wishes to pursue a challenge to the plea's validity. We require this step because withdrawing a guilty plea often carries significant disadvantages, including dissolution of a negotiated plea agreement and its associated benefits. *See United States v. Caviedes-Zuniga*, 948 F.3d 854, 855 (7th Cir. 2020). Second, the lawyer may not simply bypass an inquiry into a possible Rule 11 challenge unless counsel has consulted with the defendants about the risks and benefits of such a challenge. "Only if, after counsel has taken that step [of consulting with the defendant about a possible Rule 11 challenge], the defendant confirms that he is not interested in withdrawing the plea, may counsel refrain from exploring possible arguments related to Rule 11." *Konczak*, 683 F.3d at 349.

Even though counsel did not comply with the obligation to tell us whether he consulted with Larry, we need not reject the *Anders* brief here. The plea transcript shows that the district court substantially complied with Federal Rule of Criminal Procedure 11; therefore any potential challenge to the plea's validity would be frivolous. Because Larry did not move in the district court to withdraw his plea, we would review the court's acceptance of it only for plain error. FED. R. CRIM. P. 52(b); *see United States v. Collins*, 986 F.3d 1029, 1030 (7th Cir. 2021). The court determined that Larry was competent to enter a plea, and it confirmed that he understood the nature of the charges against him, the possible penalties, and the rights he was waiving by pleading guilty, including the appellate rights he would give up by accepting the plea agreement. FED. R. CRIM. P. 11(b), (c); *United States v. Bridgewater*, 995 F.3d 591, 596 (7th Cir. 2021).

Counsel notes two potential errors in the colloquy. First, the court omitted the warning that any false statements Larry made under oath could be used against him in a perjury prosecution. FED. R. CRIM. P. 11(b)(1)(A). But such an omission is harmless where, as here, there is no current or expected prosecution for perjury for statements made at the plea hearing. *See United States v. Stoller*, 827 F.3d 591, 598 (7th Cir. 2016) (affirming district court finding that omission of warning about potential perjury charge was harmless where perjury charge was not pending or anticipated).

Second, the district court did not explicitly state at the sentencing hearing whether it was accepting or rejecting Larry's conditional guilty plea and the binding plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(A). But any error along these lines was not plain because Rule 11(c)(3)(A) does not require

an explicit statement and the sentencing transcript reveals no ambiguity. *See United States v. Brown*, 571 F.3d 690, 694–95 (7th Cir. 2009). After calculating Larry's guidelines range, the court explained that it would be sentencing Larry to a term of imprisonment consistent with the negotiated plea agreement. The court also explained that without the plea agreement, Larry would likely have received a longer sentence. We are thus satisfied that Larry could not plausibly argue that the court plainly erred in accepting the plea.

Counsel then considers whether Larry could challenge his sentence and correctly concludes that the scope of his appeal waiver precludes it. An appeal waiver "stands or falls with the underlying agreement and plea," *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020), and we have already determined that Larry voluntarily and knowingly pleaded guilty. And the rare circumstances that would justify not enforcing a voluntary appeal waiver are not present: The sentence did not exceed the statutory maximum, and the court did not rely on any constitutionally impermissible factor when imposing the sentence. *See Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020). Because Larry has validly waived all possible challenges to the sentence and the means of arriving at it, he has no nonfrivolous challenge to bring on appeal.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.